MATILDA TAYLOR, *Appellant*, v. JOHN SIMON TAYLOR, *Appellee.*

Division A.

Opinion filed October 27, 1930.

*Robert R. Taylor, Jr.,* and *George Campbell,* for Appellant;

*McCaskill & McCaskill,* for Appellee.

BROWN, J.—Appellant, complainant below, filed a bill against her husband, appellee here, primarily for the procurement of a decree of divorce and alimony, and also for an accounting as to money alleged to have been paid by her from the proceeds of her own labor and the earnings of her separate estate towards the purchase price of real

estate the legal title to which was taken in the name of the defendant, and for the establishment in her favor of a trust in such real estate to the extent of the amount shown by the accounting to have been so contributed by her; also for an injunction to prevent the defendant husband from conveying away such real estate, as well as certain other real estate owned by him. As to the latter, it was alleged that unless restrained by injunction the defendant would, in order to evade the payment of alimony, convey said property away and defeat the rights of complainant to the payment of such alimony as might be decreed to her by the court.

The defendant, appellee here, demurred to the bill of complaint upon the ground that it was multifarious. This demurrer was sustained by the chancellor, and the complainant took his appeal.

It appears here that all of the questions raised concern only the parties to the suit, and arose out of or during the relationship of husband and wife which had existed between these parties for some years prior to the filing of this bill, the purpose of which bill was to dissolve such relationship to secure alimony, and to settle the questions of property rights arising between them during such relationship; and it might well be regarded as incidental to the legal proceedings adopted to dissolve such relationship, to also adjust the rights of the parties, in respect to both alimony and the ownership of property, the purchase price of which had been paid by the contributions of each during the existence of the martial bonds. 19 C. J. 160.

A bill in equity is not necessarily multifarious because there may be united in it several causes of action between the same parties. As was said in the case of Farrell v. Forest Investment Company, 73 Fla. 191, 74 So. R. 216:

"In considering the question of multifariousness, the matter particularly involved is convenience in the administration of justice, and if this can be accomplished by the mode of procedure adopted, an objection for multifariousness should not be allowed."

See also Wright v. Wright, 75 Fla. 7, 77 So. R. 616; Mountein v. King, 75 Fla. 12, 77 So. R. 630; Carlton v. Hilliard, 64 Fla. 228, 60 So. R. 260; Waldin v. Waldin, 98 Fla. 344, 123 So. R. 777; Moore v. Price, 123 So. R. 768, 98 Fla. 276.

In Arcadia Mercantile Co. v. Branning, 59 Fla. 428, 52 So. R. 588, it was said:

"A bill of complaint may be deemed multifarious when it states distinct, separate and independent equities that can be better adjudicated in more than one suit."

However, we are inclined to the opinion that all the matters presented by this bill could very well be adjudicated in this one suit and that the convenience of the parties and of the court would be subserved and expenses and costs reduced by the procedure adopted by the complainant. The amount of alimony which might be decreed by the court, if the complainant prevails, might well be affected to some extent by the decision of the controversy between the parties regarding the property alleged by the wife to have been purchased largely by her earnings during the coverture and by the prevention of the husband from making away with his other real estate in order to avoid the enforcement of an alimony decree.

The avoidance of a multiplicity of suits being in itself a ground of equitable jurisdiction a bill will not be held multifarious if the matters therein contained can be dis-

posed of together and a multiplicity of suits thereby avoided. 22 C. J. 416; Forcheimer v. Foster, 192 Ala. 218, 68 So. R. 879; Bolman v. Lohman, 74 Ala. 507.

We are inclined to the view that this entire controversy may as well be settled in one suit as in two, and that it would serve no good purpose to compel the introduction of separate proceedings against the appellant, all of whose rights may be as fully protected in this.

We hold, therefore, that the court erred in sustaining the demurrer to the bill, and the order to that effect is hereby reversed and the cause remanded.

TERRELL, C. J., and ELLIS, J., concur.

WHITFIELD, P. J., and STRUM and BUFORD, J. J., concur in the opinion and judgment.