H. N. MELOCHE, *Appellant* vs. MARGARET L. MELOCHE, *Appellee.*

Division B.

Decision filed February 4, 1931.

Decree reaffirmed March 13, 1931.

*J. Carl Lambdin,* for Appellant;

No appearance for Appellee.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the decree herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of

its judgment to be given in the premises, it seems to the Court that there is no error in the said decree; it is, therefore, considered, ordered and adjudged by the Court that the said decree of the Circuit Court be, and the same is hereby affirmed.

WHITFIELD, P.J., AND TERRELL AND BUFORD, J.J., concur.

## ON REHEARING.

### Opinion filed March 13, 1931.

1. By statute the Circuit Courts as courts of equity have jurisdiction of divorce and alimony causes and the general equity jurisdiction of the circuit courts under the Constitution includes the specific enforcement of property rights.

2. A court of equity may have jurisdiction of each of several matters that may be stated in a bill of complaint even though the bill as drawn may be multifarious as to the subjects of the litigation, and therefore subject to demurrer.

3. If timely objection be not made to the contents of a bill of complaint in equity the court may proceed with the cause, and multifariousness will not of itself render a decree void, even though some of the matters are statutory and some of general equity cognizance, where the court had jurisdiction of the matters decreed.

4. Property rights existing between husband and wife may be appropriate subjects of litigation in divorce proceedings when not a violation of law.

5. Where there is substantial legal evidence to support the essential findings made by the chancellor which are not shown to be clearly wrong, and no material errors of law appearing, the decree will be affirmed.

An appeal from the Circuit Court for Pinellas County; T. Frank Hobson, Judge.

Affirmed

*Lambdin & Ramseur*, for Appellant;

*Bussey, Mann & Barton*, for Appellee.

WHITFIELD, P.J.—On April 26, 1928, H. N. Meloche filed a bill in chancery seeking a divorce from Margaret L. Meloche, on the ground of desertion. By answer and cross bill, the defendant wife denied the charge of

desertion, and in effect avers that she was forcibly ejected from the marital home with a threat that if she returned she would be killed, and rejected defendant's offer of reconciliation; that defendant is a free dealer under the statutes of the State and largely contributed to the acquisition of and payment for described valuable real estate held by the complainant. A division of the property held by the husband was prayed for, predicated upon the following:

"St. Petersburg, Florida, Aug. 29, 1923.

This contract is drawn up for the purpose to show that Margaret L. Meloche is to receive one-third of all the Meloche property, that is to say that all the said money that is derived from the sale of the whole property after all bills are paid. The property is to be sold at the market rate, soon as possible.

N. N. Meloche.
Margaret L. Meloche.
George E. Haines."

There are allegations as to the description and acquisition of the property intended to be covered by the quoted agreement. A demurrer to the cross bill was sustained, and an amended cross bill was filed and by amendment thereto grounds of divorce against the husband were alleged. The prayer for relief includes permanent alimony, maintenance, attorney fees and specific performance of the stated contract and general relief. By answer the cross defendant took issue on essential matters. Testimony was taken and upon specific findings the chancellor granted a divorce to the wife and decreed the wife to be entitled to a third interest in described property. Alimony and attorney fees were denied to the wife. Costs were adjudged against the husband. A re-

hearing was denied and on appeal taken by the husband to the final decree and to the order denying a rehearing, the decree was affirmed here without opinion. On rehearing granted by this court it is again urged that the portion of the decree adjudging the wife to be entitled to a third interest in lands is void, since the divorce proceedings in chancery are statutory and the statute does not provide for a division of property between husband and wife in divorce suits.

The amended cross bill was not demurred to or its propriety challenged on the record prior to final decree.

By statute the circuit courts as courts of equity have jurisdiction of divorce and alimony causes and the general equity jurisdiction of the circuit courts under the constitution includes the specific enforcement of property rights. A court of equity may have jurisdiction of each of several matters that may be stated in a bill of complaint even though the bill as drawn may be multifarious as to the subjects of the litigation, and therefore subject to demurrer. If timely objection be not made to the contents of a bill of complaint in equity the court may proceed with the cause, and multifariousness will not of itself render a decree void. This is so even though some of the matters are statutory and some of general equity cognizance where the court had jurisdiction of the matters decreed. There are cases where though the court had potential jurisdiction of the classes of subjects alleged, it had not acquired actual jurisdiction by appropriate pleadings in the cause, or the right of the court to proceed on the allegations made was successfully challenged. Such cases are not controlling here where the specific enforcement of property rights is prayed for upon pertinent though imperfect allegations which were

not challenged by demurrer, and the authority or propriety of the procedure was not duly challenged.

Property rights existing between husband and wife may be appropriate subjects of litigation in divorce proceedings when not a violation of law. Such rights have been adjudicated in this State as incidents to divorce, where not expressly or impliedly forbidden by any law or public policy and the record as made warranted such equitable procedure with consequent decree. See Carlton v. Carlton, 78 Fla. 252, 83 So. 87; Lowrie v. Lowrie, 92 Fla. 337, 111 So. 288; Taylor v. Taylor, 130 So. 713, .... Fla. .....

The property interests decreed to the wife were not awarded to her as alimony as in Cizek v. Cizek, 69 Neb. 797, 99 N. W. 28, 5 Ann. Cas. 464, and other similar cases.

The decree as to the property rights is not void for want of jurisdiction. As there is substantial legal evidence to support the essential findings made by the chancellor which are not shown to be clearly wrong, and no material errors of law appearing, the decree is affirmed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.