ROSALIND E. HEATH, *Appellant*, vs. WARREN A. HEATH, *Appellee*.
138 So. 796.
Division B.
Opinion filed January 4, 1932.

*Whitaker Brothers,* of Tampa, for Appellant;

*Allen E. Walker,* of Winter Haven, and *Johnson, Bosarge & Allen,* of Bartow, for Appellee.

PER CURIAM.—This case is here on an appeal and a cross-assignment of errors by the appellee. The Court below granted a divorce in favor of the husband against the wife on the ground of adultery alleged to have been committed by her with one Pat Johnson, but decreed that the wife should be paid the sum of $2000.00 for her equitable interest in her husband's business and property, as well as the further sum of $800.00 for attorney's fees. The allowance of any sum to the wife for her property interest or to compensate her attorneys, is challenged by the cross-assignments of error filed by the husband, who contends that an adulterous wife is not entitled in law to have any such relief decreed to her.

The evidence of the wife's adultery, while for the most part circumstantial, is highly convincing of the defendant's guilt. There is positive testimony by the husband (corroborated by two disinterested eye witnesses whom he asked to accompany him to observe what was going on)

to the effect that he suspected some improper relations by his wife with one of his former employees, Pat Johnson, whereupon he went surreptitiously to the conjugal dwelling house and there observed his wife lying on her bed, clothed only in her underwear and draped with a sheer bathrobe, the former store clerk in question lying down on the bed beside her with his shoes and coat off. To hold that the chancellor was in error for accepting this testimony and refusing to believe the wife's story to the effect that this bedroom episode was merely a harmless interview had by her with her husband's former employee for the purpose of discussing her writing for him a recommendation to enable the erstwhile clerk to obtain future employment, would be to attribute to the Chancellor a degree of credulity in the infallibility of feminine righteousness, which even this modern age of generously tolerated unconventional practices by married women, would find it difficult to countenance. We regret, therefore, that we have been able to find no ground for holding that the evidence of adultery is insufficient to support the decree rendered in the husband's favor.

In announcing this conclusion, we also deem it appropriate to say that we have carefully examined the record and perused the entire testimony of nearly a thousand pages, in the sincere hope that we would be able to find something therein which would justify us in accepting the most earnest argument made in favor of the wife's innocence by counsel for the appellant, but we have been unable to find anything in the record which justified us in refusing to believe the unfortunate woman guilty of the grave charge made by her husband against her.

On the contrary, this appears to be one of those unhappy cases too frequent in the courts, where the adultery committed seems to have been brought about by a discontented wife's ill advised infatuation with one of her husband's store clerk's with whom she was thrown in contact,

and whose disregard for the woman he seduced, lead him to wilfully commit a bold intrusion into his employer's home under circumstances that might well have lead to violence or homicide on the part of a more excitable and less self-possessed husband, when he discovered what was going on.

To further elaborate on the evidence is unnecessary, and to review it further in this opinion would merely add to the pages of this court's official reports a story more appriate to be set forth in the columns of a metropolitan tabloid newspaper of sensational propensities. We therefore make no further comment in this regard than to say that the evidence sufficiently proves the allegations of the bill to sustain a decree of divorce, even under the rule that charges of adultery should be made out by clear and convincing testimony. Marshall v. Marshall, 3 Fed. (2nd) 344; Messick v. Messick, 115 Atl. 379, 93 N. J. Eq. 220; Ludentz v. Ludentz, 120 Atl. 661, 88 N. J. Eq. 103.

The evidence also supports the conclusions of the Chancellor that the wife's services and the wife's invested capital contributed some value to the present value of the business and properties owned by the husband.

The husband here was the moving party in the suit seeking a divorce. Even though the wife was shown to have committed adultery as charged to her, this act on her part did not necessarily forfeit to her husband her equitable property rights which she had already acquired during coverture in the properties of the husband before the alleged adultery was committed, nor did it preclude her on equitable grounds from claiming rights acquired by her through employment of her services in her husband's business.

The court allowed the wife $2000.00 for her equitable interest and in addition $800.00 counsel fees. These counsel fees might well have been allowed to the wife as part of the value of her equitable interest in the husband's property,

since such interest was proven to have existed. This would sustain such an allowance even if it be the law as contended on the cross assignment by appellee (a point we do not now decide), that a wife found guilty of adultery is not entitled to statutory counsel fees, except those awarded *pendente lite* before final decree to enable her to defend the case brought against her.

There is undoubtedly proof that the wife materially assisted the husband in the conduct of his business of operating a chain of stores and that she put into her husband's business a substantial amount of her own capital in addition to what personal services she rendered. Whatever consequences the wife may be compelled under the law to suffer for her marital derelictions by the severance of the bonds of matrimony, she is not required to incur the forfeiture of any of her already vested equitable property rights which were acquired by her while the matrimonial barque was sailing on smoother seas. See Carlton v. Carlton, 78 Fla. 252, 83 Sou. Rep. 87; Taylor v. Taylor, 100 Fla. 1009, 130 Sou. Rep. 713.

The provisions of Section 4987 C. G. L., 3195 R. G. S., to the effect that no alimony shall be granted to an adulterous wife do not preclude the ascertainment and allowance by the court of an amount to the wife for her special equity in property and business of the husband toward which she is shown to have contributed materially in funds and industry through a period of years while the marriage remained undissolved.

Such an allowance is not alimony and should never be made in any case unless shown to be warranted by special facts and circumstances which support a finding of an equity in the husband's property arising in favor of the wife from contributions of funds and services made by her toward its accumulation over, above and beyond the performance of ordinary marital duties toward the husband.

Finding no error in the decree appealed from, it follows

that it must be affirmed, the amount awarded not having been shown to be less than that warranted by the proof, as contended by appellant.

Affirmed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., concurs in the opinion and judgment.

ELLIS, J., agrees to the conclusion.

BROWN, J., not participating.