SAM S. AMMER v. MARY AMMER.

151 So. 711.
Opinion Filed December 27, 1933.

*Arthur S. Friedman* and *S. C. Collins,* for Appellant;
*Morton B. Adams,* for Appellee.

DAVIS, C. J.—This was a typical divorce suit wherein the wife obtained a divorce from the husband on the ground of extreme cruelty. A cross complaint filed by the husband against the wife charging her with adultery was held not sustained. Certain property adjustments were incorporated in the final decree, as was a provision awarding to the wife the custody of a child of the marriage. The whole controversy has been brought to the Court for review on the husband's appeal from the final decree.

There was sufficient evidence to warrant the court in granting a divorce between the parties upon the ground of extreme cruelty, so that finding will not be reversed.

On the question of property rights involved in the plead-

ings and evidence, we think that the recommendations of the master on this subject should have been incorporated in the final decree, in lieu of paragraphs 8 and 9 of such decree as entered, and that paragraph 12 of the final decree should be so amended as to conform to the changes which will have to be made in paragraphs 8 and 9, to make those paragraphs conform to the master's property rights recommendations. In all other respects we hold that the final decree should be affirmed, subject, however, to the reservation in the court below of power to alter, amend or modify, from time to time, on appropriate proceedings, the provisions made in the final decree concerning the custody of the child, Betty Jane Ammer, should circumstances be brought to the chancellor's attention which so require and so warrants.

When real property has been purchased by the husband with funds mainly derived from his own earnings, although with the wife's aid during their married life, title to which has, by mutual understanding, been taken in the wife's name alone, and it is made to appear that the property was so purchased by the husband, and the title so placed, pursuant to an intention on his part, acquiesced in by the wife, to the effect that such property should be occupied by the family as a home, and that the income, if any, derived therefrom was, by a common understanding between husband and wife to be used for the support of the entire family, there is no reason for holding that, as between husband and wife, such mutual understanding should not be carried out and continued in force for the benefit of husband and wife and a child of the marriage, even though it becomes necessary for the marital ties to be severed and a divorce to be granted between the spouses. In such cases the severance of the marriage relationship, regardless of which party is at fault

in causing it, should not work a forfeiture of mutual equities in the beneficial enjoyment by the spouses in property involved, and a court of chancery, called on to make a decree on the subject incident to the granting of a divorce, should protect such equitable rights in its decree as far as possible. Gill v. Gill, 107 Fla. 588, 145 Sou. Rep. 758; Meloche v. Meloche, 101 Fla. 659, 133 Sou. Rep. 339, 140 Sou. Rep. 319; Heath v. Heath, 103 Fla. 1071, 138 Sou. Rep. 796.

Reversed and remanded with directions to enter an amended decree not inconsistent with this opinion.

WHITFIELD, TERRELL and BUFORD, J. J., concur.