## J. W. HILL v. JULIA HILL.

167 So. 414.

Opinion Filed March 30, 1936.

*Frank R. Greene,* for Appellant;

*C. A. Savage, Jr.,* for Appellee.

PER CURIAM.—It appears to us that the questions presented by the record for our determination are, as stated by the appellee, as follows:

1. "Was there substantial legal evidence presented to the Chancellor sufficient to support his finding that the wife

had an interest in the business known as Hill Welding and Machine Company?

"2. Where a Chancellor finds that husband and wife have together, by their joint efforts, labor and capital, purchased and built up a business, which cannot be divided without manifest injustice to both parties, is it essential to the validity of a decree finding that both husband and wife have an interest in such business, that the exact percentage of their interests be therein set forth, where the Court fixes the exact amount the wife is to receive monthly from said business, and places the husband in possession thereof, and reserves jurisdiction to make further orders concerning said business.

"3. Where both husband and wife enter into a contract to purchase real estate, and the purchase price is to be paid from profits of a business owned by them, and title to the property, when paid for, to be taken in the husband's name, does the wife have an equitable interest in the contract to purchase; and are the vendors in said contract necessary parties to a divorce suit, wherein the wife seeks only to establish an equitable interest in said contract, without in any manner effecting the rights of the vendors?"

The purpose of Rule 20 as amended is to accomplish just what the statement of these questions does accomplish. By the very statements of the questions, the answers become clearly apparent. The answer to the first question is found in the established holding that where there is substantial legal evidence to support the findings of the chancellor such findings will not be disturbed and a perusal of the record here discloses that there is ample legal evidence to support the findings complained of.

The answer to the second question is found in the recognized right in this jurisdiction in a court of chancery to

determine and adjudicate the property rights between husband and wife, either as an incident to a suit for divorce, or in an independent suit. See Honaker v. Miles, *et al.*, opinion filed this term of the Court, and authorities therein cited.

The answer to the third question is found in the holding in the case last above cited to the effect that the property rights between husband and wife may be adjudicated in a chancery suit and as the vendors of property in which the husband and wife both claim property rights have no interest whatever in the equities of ownership as between the husband and wife, they are neither necessary nor proper parties to a suit for divorce between the husband and wife in which it is sought to have their respective property rights adjudicated.

A review of the record discloses that there was substantial legal evidence to support the findings of the Chancellor and as no principles of law were violated by the terms of the decree, the same should be affirmed.

So ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.