ALICE PERKINS FRANCIS v. JOHN L. FRANCIS.

182 So. 833.
Opinion Filed July 18, 1938.

*Willson & Martin,* for Appellant;

*Ira C. Hopper,* for Appellee.

BUFORD, J.—The appeal in this case is from that part of a final decree providing as follows:

"Neither party has any money and the only property is the home place of the parties located on Lake Hollingsworth, in Lakeland, Polk County, Florida, which property is hereinafter specifically described. The complainant is wholly unable to earn anything and is at this time being taken care of by a son. The defendant no longer has any earning capacity and is wholly unable to contribute anything to the complainant by the way of solicitors' fees, or support money.

"It appears that the property referred to as the home place is in the name of the complainant, but it also appears that at the time said property was purchased, a great many years ago, it was agreed between the parties that the title should be taken in the names of both the complainant and the defendant, and it further appears that while the complainant paid the major portion of the purchase price of said property, the defendant paid some part of the purchase price, and it further appears that relying on said agreement that the property should be the property of both of them and treating the property as the property of both of them, and believing that the title was in the name of both of them as agreed, the defendant, out of his own

funds, built a large and valuable bathing pavilion and dance hall on the said property, and that this building was erected over the waters of Lake Hollingsworth, and of course, had an above-the-water walk from the shore line of the said home place property to the building. This building was used for many years by the defendant in making a livelihood for the parties and was considered part of the home place property and was considered to belong to both of the parties."

And the further provision:

"It Is Further Ordered, Adjudged and Decreed that the fee simple title to the home place of the complainant and defendant, described as follows, to-wit: The West 5½ acres of Lot 3 of Geo. H. Watson's Subdivision of NE¼ of SE¼ in Section 30, Township 28 South, Range 24 East, having a frontage of 170.1 feet along the South boundary line of Lot 3 and situate in the City of Lakeland, County of Polk and State of Florida, including the bathing and dance pavilion located on Lake Hollingsworth and connected with the shore line of said property, be and the same is hereby decreed vested in complainant and defendant as an estate by the entirety and that upon the entry of this divorce, said property will be vested in complainant and defendant, as tenants in common.

"It Is Further Ordered, Adjudged and Decreed that the restraining order heretofore entered in this cause on the 11th day of June, 1934, duly recorded in Chancery Order Book 73, page 70, against the defendant, John L. Francis, be, and the same is hereby dissolved; that the said defendant, John L. Francis, shall be permitted to take such legal action as he may deem advisable, either by a partition or otherwise to protect and secure his rights in said property in accordance with this decree, but that he shall not personally attempt to take possession of any of said property

except the said bathing pavilion except and unless such possession is acquired in some proper legal proceeding or by a further order of this Court."

The decree was entered in divorce proceedings instituted by the wife against the husband and adjudicated property rights in connection with the divorce proceedings.

It is well settled that property right existing between husband and wife may be appropriate subject of litigation in divorce proceedings when not in violation of the law. Meloche v. Meloche, 101 Fla. 659, 133 Sou. 339, 140 Sou. 319. See Carlton v. Carlton, 78 Fla. 252, 83 Sou. 87; Taylor v. Taylor, 100 Fla. 1009, 130 Sou. 713; Heath v. Heath, 103 Fla. 1071; 138 Sou. 796; Ammer v. Ammer, 113 Fla. 368, 151 Sou. 711; Hill v. Hill, 123 Fla. 571, 167 Sou. 414.

The rule is well settled that a final decree or order based largely or solely upon questions of fact will not be reversed unless the evidence clearly shows it to be erroneous. Stanley v. Thompson, 62 Fla. 576, 57 Sou. 196; Bank v. Tuten, 62 Fla. 423, 57 Sou. 238; Baxton v. Liddon, 62 Fla. 428, 56 Sou. 410; Peoples Realty Co. v. Southern Colonization Co., 78 Fla. 628, 83 Sou. 527. See also Scofield v. Scofield, 119 Fla. 138, 160 Sou. 879; Hill v. Padgett, 114 Fla 519, 153 Sou. 911; Hilton v. N. Cent. Trust Co., 114 Fla. 796, 154 Sou. 328.

The controlling question presented on this appeal is whether or not the evidence is sufficient to support the findings and decree of the Chancellor.

The record discloses substantial evidence in support thereof.

We have examined the entire record and find no reversible error reflected therein.

The decree should be and is affirmed.

So ordered.

WHITFIELD, BROWN and CHAPMAN, J. J. concur.

ELLIS, C. J., dissents.