F. N. TENNY v. MABEL W. TENNY
3 So. (2nd) 375
Division B
Opinion Filed July 1, 1941

*Ray Selden,* for Appellant.

*Green & West,* for Appellee.

CHAPMAN, J.—The controlling question presented to this Court for a decision on appeal from a final decree granting a divorce dated April 26, 1940, entered by the Circuit Court of Volusia County, Florida, is: Was the court authorized to retain jurisdiction of the subject matter and the parties by a term of the final decree of divorce, for the purpose of entering such a further and subsequent order of decree allowing Mabel W. Tenny whatever amount which may be reasonable and just for attorney's fees which may be incurred in the future or after the date of the entry of the final decree? The record discloses that the court below decreed the payment of $250.00 as reasonable attorneys' fees. The first order required the payment of $100.00 as temporary attorneys' fees and the final decree provided for the payment of the additional sum

of $150.00, which made the total amount of a reasonable fee in the sum of $250.00.

Sections 4986, 4987, 4988, and 4989 C. G. L., confer on courts of chancery the authority and power to make and enter orders or decrees requiring the payment of alimony, temporary and permanent, suit money, and attorneys' fees, but no alimony shall be granted to an adulterous wife. The allowance by the court of alimony, suit money, and counsel fees rests entirely on the facts of each case, but it is fundamental and has been consistently held by this Court from territorial days that marriage must be established prior to the entry of an order requiring the payment of alimony. The citation of authorities on this point is unnecessary.

If a decree is entered dissolving the marriage, the former wife certainly has no standing in a court of chancery and there is no duty or obligation due her by the former husband under the provisions of the statutes *supra* and decisions of this Court. See Vinson v. Vinson, 139 Fla. 146, 190 So. 454. We have carefully examined the case of Orr v. Orr, 141 Fla. 112, 192 So. 466, cited by counsel for appellee. It is well established that the chancellor in the exercise of his discretion has the power to retain jurisdiction for the purpose of making such future orders as may be proper affecting the custody and welfare of children of divorced parents. Courts of chancery are open at all times for the purpose of hearing complainants and making and entering orders and decrees affecting or preserving the welfare of children. That provision of the final decree wherein the court retained jurisdiction of the parties and subject matter for the purpose of

making *future* orders affecting the interest and welfare of the minor child is proper. See Mooty v. Mooty, 131 Fla. 151, 179 So. 155.

It is contended that the final decree is erroneous because it allowed or granted a money judgment for accrued arrearages for temporary alimony previously allowed the wife and minor child and for money loaned by the wife to the husband during coverture. The answer to this contention, in part, is found in the case of Vinson v. Vinson, *supra*. While it is true in that case the court discussed and considered arrearages of permanent alimony, a part of the personal judgment here is for temporary alimony allowed the wife for her support and the support of their minor child while the case was progressing to final hearing. However it was an adjudication of the claims and issues of the respective parties by a court of competent jurisdiction. See Thompson v. Thompson, 142 Fla. 643, 195 So. 571.

Property rights existing between husband and wife may be an appropriate subject of litigation in a divorce proceeding and in many instances these rights have been adjudicated incidental to divorce. See McGill v. McGill, 19 Fla. 341; Carlton v. Carlton, 78 Fla. 252, 83 So. 87; Taylor v. Taylor, 100 Fla. 1009, 130 So. 713; Meloche v. Meloche, 101 Fla. 659, 133 So. 339; Heath v. Heath, 103 Fla. 1071, 138 So. 796, 82 A. L. R. 537; Francis v. Francis, 133 Fla. 495, 182 So. 833.

The case of Fritz v. Fernandez, 45 Fla. 318, 34 So. 315, was a suit in equity on the part of the wife against the estate of her deceased husband. She had loaned to him large sums of money, evidenced by

notes, and a considerable amount of the property appearing in the name of the deceased husband was paid for with money loaned to the husband by the wife, and in the equity suit it was her contention that these several loans made to the husband during coverture made her his creditor. This Court in sustaining this condition in part, said:

". . . At the common law a man and wife could make no contract with each other, and their contracts are nullities. 2 Story's Eq. Jur. (13th ed.) Sec. 1372. But courts of equity, while they follow the law, will under certain circumstances give full force and validity to postnuptial contracts. *Ibid.* note (a). In section 1732 *Ibid.* It is said: 'It is upon similar grounds that a wife may become a creditor of her husband by acts and contracts during marriage, and her rights as such will be enforced against him and his representatives. Thus, for example, if a wife should unite with her husband to pledge her estate or otherwise to raise a sum of money out of it to pay his debts, or to answer his necessities, whatever might be the mode adopted to carry that purpose into effect, the transaction would in equity be treated according to the true intent of the parties. She *would be deemed a creditor or surety for him* (if so originally understood between them) for the sum so paid, and she would be entitled to reimbursement out of his estate, and to the like privileges as belong to other creditors.' Medsker v. Bonebrake, 108 U. S. 66, 2 Sup. Ct. Rep. 351; Sims v. Rickets, 35 Ind. 181; Edelin v. Edelin, 11 Md. 415; Am. & Eng. Ency. Law, (2nd Ed.) 853. . . " See 27 Am. Jur. Par. 585, pages 186-187; 30 C. J. par. 250, pages 670-1; 13 R. C. L.

par. 403-406, pages 1359-1363; Schouler on Marriage and Divorce (6th ed.) Vol. 1, par. 542, pages 552-554.

That portion of the final decree dated April 26, 1940, appealed from and appearing in paragraph 14 thereof by the terms of which the lower court retained jurisdiction of the subject matter and the parties "and the allowance to her (the wife) of whatever amount which may be reasonable and just for attorneys' fees which may be incurred in the future" was erroneous, but the decree otherwise is free from error. The language *supra* is hereby deleted from paragraph 14 of the final decree dated April 26, 1940, and the said decree stands affirmed as deleted.

It is so ordered.

BROWN, C. J., THOMAS and TERRELL, J. J., concur.