**HATTIE VIRGINIA FIELDS v. L. T. FIELDS, SR.**

35 So. (2nd) 722            June Term, 1948
June 15, 1948                  Division A

*James H. Finch* and *Philip D. Beall, Jr.,* for petitioner.
*J. M. & H. P. Sapp* and *Charles S. Isler,* for respondent.

TERRELL, J.:

Appellant filed her bill of complaint against appellee praying for divorce on the ground of extreme cruelty. The bill further alleges that the home in which they live is owned by

them as an estate by the entireties and prays that it be partitioned. Permanent alimony, suit money, attorneys fees, the restoration of amounts paid for medical attention, hospital bills including moneys and other personal property that defendant borrowed and is withholding from plaintiff is also prayed for.

On application of the plaintiff an amended bill of complaint was filed wherein she set up additional claims for compensation against defendant and made L. T. Fields, Jr., a party defendant to the cause on the theory that he claimed some interest in the home alleged to be owned by plaintiff and defendant as an estate by the entireties. On motion of defendant the amended bill of complaint was "stricken and dismissed." This is an appeal by certiorari from that decree.

The only queston we are required to answer is whether or not the chancellor committed error in dismissing the amended bill of complaint.

It appears from the briefs that the amended bill of complaint was dismissed on the theory that the matter introduced therein amounted to a new and different cause of action which could not be litigated with the original suit for divorce.

It may be admitted that the claim of a third party in the home alleged to be owned by the entireties complexes the situation but this is not a recognized basis for dismissing the bill. It is an impressive example of the complicated human relations that are now precipitating suits of this kind that the rules of procedure should be equal to and not be permitted to break under. It would not be difficult to generate two law suits from the situation but the divorce, the title to the home, the matter of alimony and the matter of restitution are all so involved that the same evidence may have to do with each of them so there is every reason why they should be adjudicated in one suit and we are shown no reason why they should not be considered together. Allegations of the amended bill are sufficient to show merit.

The law is a medium for adjusting conflicting interests that may constantly arise from more and more complicated social relations. It should not be permitted to become a code of abstract rules leading to confusion and dismay in the ad-

justment of these relations. The court has repeatedly adjudicated property rights along with the marital status. If there is any theory under which one law suit will suffice there is no reason for generating another. It may well be that when the evidence is all in there will be no support whatever for the claim of L. T. Fields, Jr., in the home. If this is the case the chancellor may so adjudicate but if he finds otherwise it will then be time to make an appropriate order to adjudicate his claim of title.

Certiorari is granted and the judgment appealed from is quashed with directions to reinstate the amended bill and proceed accordingly.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.