99 So.2d 854 (1958)
Loren Arthur EAKIN, Appellant,
v.
Virginia Smythe EAKIN, Appellee.
Supreme Court of Florida.
January 24, 1958.
*855 J. Stockton Bryan, Jr., West Palm Beach, for appellant.
J.H. Lesser and C.D. Blackwell, West Palm Beach, for appellee.
DREW, Justice.
At the conclusion of a long and bitterly contested divorce proceeding initiated by the wife, the learned chancellor below concluded that neither party could be granted a divorce because of the recriminatory conduct of each. The custody of the male child was awarded to the father. Provision was made for the child to visit the mother from Saturday afternoon until Sunday afternoon during each week. The decree contained other provisions which are not pertinent to the disposition of this appeal.
On rehearing the trial court amended the decree by vacating that portion of it which denied a divorce to either party and amended the original decree to provide "that the marriage between the plaintiff * * * and the defendant * * * be and the same is hereby dissolved and defendant is given and granted an absolute divorce from plaintiff * * *." In the same amended decree the court determined "in lieu of alimony and all other claims against the defendant and his estate the whole and complete title to the home place of the parties * * * is transferred and vested in the plaintiff and defendant's interest in said real estate as tenant by the entirety is transferred to and vested entirely in the plaintiff subject to encumbrances."
The husband, on this appeal, questions that portion of the final decree vesting the title to the real property in the wife.
After the proceedings had been commenced, the husband filed a counterclaim seeking a divorce from his wife on the sole ground of adultery. The wife argues in support of that portion of the decree with reference to the home place that the evidence would sustain the awarding of a divorce on grounds other than the ground of adultery and that, therefore, that portion of the decree is valid. We cannot agree that this is true. While the decree does not contain a finding that the wife is guilty of adultery, such finding is inherent in the decree because no other ground for divorce against the wife was either alleged or proven and the record contains ample evidence to support such a finding.
Although Section 65.08, Florida Statutes 1955 F.S.A. provides that no alimony shall be granted to an adulterous wife, this Court has held that under some circumstances it is within the power of the trial court to make an award to the wife of certain specific property. Such an award may be made when it is shown to be warranted by facts and circumstances sufficient to support a finding of an equity in the property in favor of the wife arising from the contribution of funds or services made toward its accumulation above and beyond the performance of ordinary marital duties. Such an allowance, however, is not alimony. See Heath v. Heath, 103 Fla. 1071, 138 So. 796, 82 A.L.R. 537.
There is no evidence in this cause which will support a decree awarding the adulterous wife the husband's interest in the property held by the parties as an estate by the entirety under the holding of this Court in Heath v. Heath, supra. Because of the provisions of Section 65.08, supra, the award cannot lawfully be made as alimony. It was, therefore, erroneous to make such award.
*856 That portion of the final decree awarding the husband's interest in the subject real property to the wife is reversed and the cause remanded for further proceedings.
Reversed.
TERRELL, C.J., and THOMAS, HOBSON and ROBERTS, JJ., concur.