100 So.2d 627 (1958)
Laura PICCHI, Appellant,
v.
Eugene R. PICCHI, Eugene R. Picchi, Inc., a Florida corporation, and Floridania Corp., a Florida corporation, Appellees.
Supreme Court of Florida.
February 19, 1958.
*628 H.H. Taylor and Henry H. Taylor, Jr., Miami, for appellant.
Patton & Kanner, Miami, for Eugene R. Picchi and Eugene R. Picchi, Inc.
Silver S. Squarcia, Miami, for Floridania Corp.
THORNAL, Justice.
Appellant Laura Picchi, who was plaintiff below, seeks reversal of a portion of a final decree of divorce by which the Chancellor settled the interests of the parties in alleged jointly owned property. Appellee Eugene R. Picchi cross-appeals seeking reversal of the alimony and other aspects of the decree.
A large number of points are assigned for consideration but our ultimate judgment must actually turn on whether the evidence in the record supports the conclusions reached by the Chancellor.
The parties were married on September 26, 1942. Three children were born of the marriage, the oldest being ten years of age when the decree of divorce was entered on April 2, 1956. By her complaint, filed in December, 1954, Laura Picchi sought a divorce from her husband on the ground of extreme cruelty. In addition she sought custody of the children and alimony. She also named as parties-defendant Eugene R. Picchi, Inc., a Florida corporation, and Floridania Corp., a Florida corporation. The complaint alleges in substance that beginning the latter part of 1949 the husband had entered upon a carefully laid scheme to deprive her of her interest in various parcels of property which she also alleges were acquired through the joint efforts and contributions of herself and her husband. She alleged that she was entitled to a one-half interest in all of the property standing in his name as well as in their joint names at the time the complaint was filed. She also *629 sought an accounting from her husband for all the income collected by him from various jointly owned properties dating back to the latter part of 1949, when she claims that he entered upon his fraudulent scheme. It was alleged that each of the corporations was merely an alter ego of the husband; that all transactions between them and the husband should be scrutinized in the accounting and that various conveyances to these corporations should be set aside.
The Chancellor personally heard the evidence which totaled several hundred pages. By the final decree he concluded that the wife was entitled to a divorce and to custody of the children with reasonable visitation privileges to the father. He fixed an amount to be paid by the husband to the wife as alimony and as support money for the minor children. In an effort to settle the property dispute the Chancellor concluded that all property standing in the joint names of the parties at the time of the filing of the complaint constituted estates by the entireties. These parcels would be owned as tenants in common by the parties upon the entry of the decree. The property standing in the individual name of the husband was declared to be his. The sole exception was the homeplace which had been deeded to the husband in his individual name pursuant to a contract of purchase executed jointly by the husband and wife. With regard to the homestead the Chancellor concluded that it constituted an estate by the entirety at the time of the divorce. The wife and children were permitted to reside in the homeplace until such time as it should be sold. With regard to property standing in the joint names of the parties, the Chancellor decreed that the husband should account to the wife for her share of the income and profits from the date of the filing of the bill of complaint which was accompanied by the filing of a lis pendens.
Mrs. Picchi now seeks reversal of that portion of the decree which limited the accounting for income from jointly owned property to the period following the filing of the complaint.
Mr. Picchi wants the decree reversed insofar as it ordered any accounting at all and also with reference to the alimony provisions.
In this Court Mrs. Picchi contends that the Chancellor should have ordered an accounting on jointly owned property dating back to the time of the beginning of the alleged fraudulent scheme in 1949.
Mr. Picchi contends here that there should be no accounting of any income from any property until the date of the final decree. He also contends that the alimony provisions are excessive and that the decree declaring the homestead to be an estate by the entirety was erroneous.
It is interesting to observe that with regard to those aspects of the decree to which the husband objects the appellant-wife relies on the rule that there is a presumption of correctness in the decree of the Chancellor, that there is evidence to support his decree and that it therefore should not be disturbed.
In the same vein on those aspects of the decree which the wife asserts to be erroneous, the husband contends that the decree is presumed to be correct, that there was evidence to support it and that we should not now upset it.
We think the rule so strenuously advocated by both parties should be applied to the decree in its entirety.
Within reasonable space limitations it would be impossible here to detail the factual aspects of this record which support the Chancellor's decree. In the ultimate, however, our examination of the record leads us to the conclusion that his judgment was adequately supported by the facts. There can be no doubt that in a divorce proceeding there is jurisdiction in a court of chancery to determine and adjudicate the property rights between a husband and wife as an incident to the divorce. Hill v. Hill, 123 Fla. 571, 167 So. 414. Likewise in the same proceeding it is not inappropriate to bring the case any third *630 party claimants to property in which the husband and wife claim a joint interest. Fields v. Fields, 1948, 160 Fla. 561, 35 So.2d 722.
On this appeal the principal contention of Mrs. Picchi is that the Chancellor should have ordered an accounting of income from alleged jointly owned property dating back to 1949 instead of to the date of the filing of the complaint. She levels this contention on the finding of the Chancellor that for some years after 1949 Mr. Picchi made "a definite and scrambling effort" to get the properties in his own name in order to forestall having to share a part of them with his wife. The wife now claims that this "scrambling effort" constituted a fraud on her rights which would support the accounting. However, she overlooks the fact that the Chancellor also found that the "scrambling effort" of the husband involved his own property, not jointly owned property, and being his own he did not commit any fraud on his marital obligations by his effort to clothe the title to the properties with corporate protection. The Chancellor found also that the wife had failed to establish any right in these properties even if they had been held by him openly in his own name at the time the complaint was filed. In his effort to "unscramble" the "scrambled" situation we find that the Chancellor's conclusion was fully supported by the evidence.
In working out the mutual interests of the parties with regard to accounting for the income we do not feel that the Chancellor was required by the record presented to him to undertake to untangle all of the devious transactions in which the parties had jointly engaged especially so in view of his finding that most of the dealings have been with the husband's individual property. There is precedent for a decree which requires an accounting on the basis of the respective interests of the parties in jointly owned property from the date of the filing of the complaint. Du Pree v. Du Pree, 158 Fla. 439, 28 So.2d 907.
With reference to the adjudication that the homestead constituted an estate by the entirety the record supports the Chancellor's conclusion that when the parties contracted to acquire the property from the parents of the appellee-husband they did so as husband and wife and that it was then their intention that the deed subsequently to be executed should be issued to them in their joint names. Instead of this happening the husband took the title in his individual name. We see no reason to differ with the Chancellor that when the husband did so he took the legal title as a trustee for the benefit of his wife and himself.
We have also considered carefully the contentions of the husband that the provisions for alimony and support of the minor children are in excess of his ability to pay. This record impresses us, as it evidently did the Chancellor, that Mr. Picchi's financial record keeping leaves much to be desired in the matter of reflecting an accurate picture of his income and expenses. The Chancellor was obviously not impressed by his protestations of financial incapacity. There is adequate basis in the record to suggest that the husband is able to meet the financial requirements of the final decree. If they prove to be too burdensome he has the privilege of applying to the Chancellor for relief.
After all is said the record reveals that the cause was thoroughly and aggressively litigated by both parties who were well represented. The Chancellor personally heard all of the evidence with the additional assistance of an analysis of the financial transactions involved by competent certified accountants. The aspects of the decree under assault appear to be just and equitable with supporting foundation in the record.
Such being the case the decree is 
Affirmed.
TERRELL, C.J., THOMAS and O'CONNELL, JJ., and PEARSON, District Judge, concur.