CARROLL, Judge
(concurring in part and dissenting in part).
I concur in the affirmance of the final decree as to its provisions for child support ($40 a week) and attorney fees, but I am impelled to dissent from the majority affirmance of the award of alimony ($15 per week). I would reverse that portion of the decree on the ground that the wife was shown to have been guilty of adultery barring her from alimony, under § 65.08 Fla. Stat., F.S.A. The final decree did not contain findings of fact, but by allowing alimony the chancellor necessarily found in favor of the wife on the issue raised by the husband’s charge of adultery.
“To prove adultery the law does not require that specific acts be attested by eyewitnesses. The rule approved by the weight of authority is that if the circumstances proven are such as to lead the guarded discretion of a reasonable and just man to the guilt of the participants that is sufficient. Heath v. Heath, 103 Fla. 1071, 138 So. 796, 82 A.L.R. 537; Thayer v. Thayer, 101 Mass. 111, 100 Am.Dec. 110. In Atha v. Atha, 94 N.J.Eq. 692, 121 A. 301, it was held that if desire and opportunity were proven adultery would be presumed.” McMillan v. McMillan, 120 Fla. 209, 162 So. 524, 525.
*717 On this record, a holding by the chancellor that the wife was not guilty of adultery was clearly erroneous and contrary to the manifest weight of the evidence on that issue. See Benson v. Benson, Fla.App.1958, 102 So.2d 748.