Edward S. Silver, S.
The administrators c. t. a. move to reargue their motion to confirm the report of the Referee (Matter of Stritch, 48 Misc 2d 742). The court denied the administrators’ motion insofar as it related to the claim of Beatrice Stritch (hereinafter called Beatrice). The court overruled the Referee’s recommendation to dismiss the claim and allowed it.
The attorney for movants insists that if “ Florida law is to he enforced under the full faith and credit clause, a hearing will be required * * * for findings of fact determining whether the agreement qualifies as a property settlement under Florida law.” He asserts that “ Spanish law was continued in force in the Florida statutes with only those changes necessary to conform with the procedure in courts of the United States.” He directs attention to the Spanish concept of ‘1 ganancias ’ ’ which he defines as a partnership to which both husband and wife contribute. He says that the question of ‘ ‘ distribution of the property of the ‘ ganancias ’ comes up when a divorce occurs. ’ ’ And he observes that the equitable power of the court ‘ ‘ will be exercised only where the wife is deserving of snch distribution- *969 after the death of her husband.” Finally, he concludes that ‘ ‘ In the instant case the Surrogate granted to the claimant * * # equitable rights against her husband’s estate which no Florida court was empowered to grant.”
The attorney for the administrators c. t. a. complains that ‘ ‘ the Court made no effort to find the underlying facts relating to said divorce, or to direct the Referee to take evidence thereof. How long were they [testator and Beatrice] married? How did the claimant perform her marital duties? What contribution did she make to the marital property? What were the grounds for divorce? Findings of fact on said questions were required to have been made by the Surrogate ’ ’.
At the time this matter was submitted for decision Beatrice had moved for a reopening of the hearing to offer proof of the circumstances surrounding the execution of the agreement so as to afford a full and complete record of the circumstances of the claimant and the testator, and to enable the court to interpret the agreement in the light of these circumstances. The same attorney for the administrators c. t. a. in opposition to Beatrice’s motion assumed this posture: (1) “No testimony was taken as indicated by the Referee in his report, because both counsel agreed that the question was one of law, and to conduct further hearings on the offer of proof submitted by claimant Avould in no wise assist the Court because it will resolve into a'question of Iuav, and a very simple one at that ”. (2) “ The final decree entered in this ease is the only instrument to be considered ”. (3) “ The Florida law cited by the claimant’s attorney is not applicable to this case ”. (4) “I have exhausted every avenue of research”. Because the offer of proof by Beatrice Avould have tended only to strengthen the court’s interpretation of the agreement which appeared from its terms, and because the administrators c. t. a. insisted on relying on the existing record, Beatrice’s motion was denied as academic. At that time, inasmuch as the attorney for the administrators c. t. a. by his oavu statement had exhaustively researched the law and came to the conclusion that the Florida cases cited by Beatrice Avere not applicable to this case, the movants preferred to rest on the record. Now, after an adverse decision, the administrators c. t. a. point out only that Beatrice Avas the one against Avhom the divorce was granted. In Heath v. Heath (103 Fla. 1071) and in Carlton v. Carlton (78 Fla. 252), the Avife Avas the one against whom the divorce was granted. In Heath, the court noted that Avhatever consequences the Avife may be compelled to suffer, she is not required to incur the forfeiture of any of her already vested property rights. In neither case, nor in Aldrich v. Aldrich *970 (163 So. 2d 276 [Fla.]) and Nolen v. Nolen (121 Fla. 130), both cited by movants, was there an existing agreement between the parties. In Underwood v. Underwood (64 So. 2d 281 [Fla.]), the court considered that the wife secured the divorce, a consideration in deciding that the agreement which called for the payment of alimony for the wife during her lifetime Avas in fact a property settlement.
The Florida courts have “ repeatedly held, along Avith practically every other Court in the land, that property settlements betAveen husband and Avife made in good faith are valid and legal and should not be disturbed by the Courts. * * * That these agreements should be construed and interpreted as other contracts is no longer open to question ’ ’ (Underwood v. Underwood, supra, p. 287; italics added). In its decision in this matter (Matter of Stritch, 48 Misc 2d 742, supra) this court interpreted this agreement as it Avas required to do as a Florida contract incorporated in a Florida judgment of divorce. In doing so, the court considered the statement in Underwood v. Underwood (supra, p. 288) that “ So far as agreements of the kind under consideration is concerned, where periodic payments are to be made to the Avife for the period of her life and is not limited to the joint lives of the parties, the legal effect of such payments are that they constitute property settlements and not alimony.”
But the administrators c. t. a. iioav request the opportunity to adduce proof that this agreement is not a property settlement. This request is made although the agreement (1) states it is 11 a settlement of all property rights ”, (2) Avas referred to by testator’s Florida attorney as a “ property settlement ”, (3) was incorporated in the decree signed by a Florida Judge asa“ property settlement agreement ”, (4) provided for the conveyance of certain real property to the Avife, (5) specifically provided that the payments to the Avife Avere to cease upon her remarriage Avhile failing to mention that they Avere to cease upon the death of the husband, (6) never mentioned the Avord alimony, (7) and was left undisturbed by the testator for over 10 years. In the face of this record it is noAV contended by the administrators c. t. a. that this agreement is not a property settlement, on the theory that the decreeing court lacked the poAver to declare it to be a property settlement because Beatrice Avas not a deserving wife, had not labored to create the property and is not entitled to share in it as a partner — the theory of “ ganancias ”, alluded to at the beginning of this opinion.
An examination of the Florida statutes referred to by the movants, administrators c. t. a., discloses that the common law *971 of England has been the basic law of Florida since 1829. Movants’ assertion that “the Spanish law was continued in force in the Florida statutes with only those changes necessary to conform to the procedure in the courts of the United States ”, while quoted correctly, must be read in the context in which it was written. The Spanish law referred to as continuing in force in the Floridas was the consequence of the proclamation of Major General Andrew Jackson in 1821. Such was the case until July 22, 1822 when the general common law of England came into force in Florida (Menendez v. Rodriguez, 106 Fla. 214 [1932]). By statutes beginning in 1824, the concept of “ ganancial rights ’ ’ was continued to the extent that that right was preserved to husbands and wives married under the civil laws of Spain while Florida was under the jurisdiction of that government (Fla. Stat. Ann., § 708.01). Of course titles to real property which involved husband and wife married under the civil law of Spain in force in Florida at the time of their marriage are adjudicated under the Spanish law (MaGee v. Doe, 9 Fla. 382 [1861]; Commodores Point Term. Co. v. Hudnall, 283 F. 150). However, the record in this case shows testator and Beatrice were married long after 1822, to wit, 1945.
Movants concede that the Florida court did have jurisdiction to adjudicate the property rights of testator and Beatrice in the divorce action. Such issues as to the disposition of property and Beatrice’s rights thereto, if any, and any opposition to the assertion of her rights, could have been decided in that action. The parties themselves, both testator and Beatrice, did not raise any question as to the nature and extent of such property rights; in fact, they attempted to preclude any inquiry by the court by providing that the “ decree shall accept the terms of this agreement.” The Florida court was not required by agreement of the parties to inquire into the equities between the parties; they had adjusted them between themselves and both parties would be precluded from litigating any matter which could have been litigated in that action. There is no reason why this court should grant the administrators c. t. a. a right that would have been denied to their testator by the Florida courts.
As pointed out above, the movants seek to establish facts, not to aid the court in interpreting the agreement, but only to establish that the Florida court had no power to incorporate a property settlement in its decree. The Florida court had jurisdiction of the parties and jurisdiction to determine that the agreement was a property settlement; testator did not challenge its power by appeal during the time limited for appeal, and his personal representatives may not do so (Aldrich v. Aldrich, *972 supra). Movants resisted every opportunity to adduce competent proof of the issues before the Referee. The issue upon which they now ask a hearing was conclusively determined against their testator by the decree of the Florida court. They rested on the record before this court and they may not now complain that they were not given an opportunity to produce proof (Matter of Quirke, 133 N. Y. S. 2d 506, affd. 285 App. Div. 1162, mot. for lv. to app. den. 309 N. Y. 1030).
In view of the time that has already taken place in the litigation of this matter, the administrators c. t. a. move for an order severing the claim of Beatrice from all other matters adjudicated in this accounting proceeding and for the entry of an intermediate decree directing payment to all parties now entitled to payment except Beatrice. They note that the Referee’s report reflected a gross estate of over $460,000, and there is an administration bond for $450,000. They argue that payment of the claims other than Beatrice’s will not suffer any prejudice by reason of a severance. The motion is granted upon condition that the bond now filed be amended within 10 days after publication of this decision to provide that the bonding company will undertake to pay Beatrice such sum, if any, to which Beatrice will be entitled. In the event no such undertaking be filed, the administrators c. t. a. are directed within 20 days to settle an intermediate decree providing for payment of the amounts determined to be paid in this proceeding, including provision for Beatrice’s claim. If such decree be not so noticed for settlement, any party to this proceeding may move for permission to submit such a decree at the expense of the estate.
The motion to reargue is granted and upon reargument the original decision with regard to Beatrice’s claim is adhered to; the application for taking additional evidence is denied and the motion to sever Beatrice’s claim is granted to the extent set forth above and otherwise denied.