FRANK, Judge.
Pursuant to the wife’s petition for support unconnected with dissolution, the trial court awarded her temporary alimony. The court entered the support order even though the husband presented a presumptively valid divorce decree rendered by an Oklahoma court. We reverse and remand for further proceedings.
The wife’s primary contention is that the Oklahoma decree, entered by default judgment when she failed to appear for a final hearing, was insufficient to adjudicate her property rights. This may well be true, but the matter with which we are primarily concerned on this appeal is the trial court’s failure to inquire into the validity of the Oklahoma decree before entering the order from which the husband has appealed. The existence of a marriage relationship must be established prior to the entry of an order requiring the payment of alimony. Coppersmith v. Coppersmith, 127 So.2d 711 (Fla.2d DCA 1961) (citing Tenny v. Tenny, 147 Fla. 672, 3 So.2d 375 (1941)).
This case is controlled by Newton v. Newton, 245 So.2d 45 (Fla.1971). In Newton the wife petitioned for divorce and temporary alimony; the husband defended by exhibiting a facially valid Nevada divorce decree; the trial court neither dismissed the case nor found the Nevada decree invalid but ordered the husband to pay temporary alimony. Our supreme court granted certiorari and quashed the trial court’s order, holding that an award of temporary alimony was improper absent a preliminary determination that the Nevada decree was invalid.
Accordingly, we reverse the award of temporary support to the wife and remand this case for further proceedings consistent with this opinion,
EEEAN’ A,CJ-’ and SANDERLIN, J., conclir-