**In re George R. GURS and Ann E. Gurs, Debtors.**

**James M. SAGHI and Carl F. Roepke, Sr., Appellants,**

**v.**

**Edward M. WALSH, Trustee, Appellee.**

**Edward M. WALSH, Trustee, Appellee,**

**v.**

**James M. SAGHI, Carl F. Roepke, et al., Appellants.**

**BAP Nos. NC–82–1108 EVK, NC–82–1109 EVK.**

**Bankruptcy No. 3–80–02061 LK.**

**Adv. Nos. 3–81–0081 LK, 3–81–0095 LK.**

United States Bankruptcy Appellate Panels, Ninth Circuit.

Oct. 12, 1983.

Before ELLIOTT and VOLINN, Bankruptcy Judges.

## ORDER ON MOTION FOR REHEARING

Previously this panel reversed and remanded the trial court's summary judgment entered in favor of the Trustee. *In re Gurs*, 27 B.R. 163 (Bkrtcy.App. 9th Cir. 1983).

Record title to the real property in question was vested in the debtors. As the holder of the "rights and powers of" a bona fide purchaser under Title 11 U.S.C. (the "Code") § 544(a)(3), the Trustee sought to invalidate Appellants' claims that the debtors held the property subject to a constructive or resulting trust. The key feature of our prior determination was that the Trustee was bound by the notice constructively given by a *lis pendens* filed by one of the purported equitable owners of the property.

On the grounds that the issue had not been raised before the trial court, we refused to consider the Trustee's argument that, because the *lis pendens* was filed less than 90 days prior to the bankruptcy petition, the effect of the *lis pendens* should be disregarded as a preferential transfer under Bankruptcy Code § 547. The Trustee has moved for rehearing on the grounds that the § 547 issue was properly presented to the trial court and preserved upon appeal.

Upon reexamination, we agree that the Trustee's § 547 argument was presented to the trial court and that we are bound to consider it. However, having now considered the claim, we hold that there is no merit in the Trustee's claim and therefore deny the motion for rehearing.

Section 547 allows the Trustee to recover on behalf of the estate certain prepetition transfers of property which are preferential to transferee-creditors. Apparently the Trustee's theory is that the filing of the *lis pendens* within the preference period is comparable to the perfection of a security interest on property of the estate or the perfection of a transfer of the debtor's property in satisfaction of an antecedent debt by a creditor.

■ For the purposes of § 547 the granting of a security interest in the debtor's property or its outright conveyance is a "transfer" under the broad definition of that term contained in Code § 101(41)[1]. Moreover under § 547(e)(2)[2] the time of transfer is generally equated with "perfection", or in the case of unperfected interests, with the commencement of the case. Thus, such transfers which are perfected within the preference period or remain unperfected at the commencement of the case are often avoidable. With respect to transfers of interests in real property § 547(e)(1)[3] generally equates "perfection"

1. Code § 101(41) provides as follows:
   "transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest.

2. Code § 547(e)(2) provides as follows:
   For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made—
   (A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time;
   (B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; or
   (C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of—

   (i) the commencement of the case; and
   (ii) 10 days after such transfer takes effect between the transferor and the transferee.

3. Code § 547(e)(1) provides as follows:
   For the purposes of this section—
   (A) a transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee; and
   (B) a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.

with that time when the transferee's interest could not be defeated by a competing bona fide purchaser from the debtor. Certainly the filing of the *lis pendens* within the 90 day preference period is an act that "perfects" the Appellants' claim to the property. Moreover that act may well be a "transfer" under § 101(41). Finally, it is that act of perfection which we have found may preclude the Trustee from recovering under § 544(a)(3)[4]. In this sense then, the Appellants have perfected an interest in property which may be a "transfer" within the preference period.

But to suggest that this means an avoidable transfer occurred ignores the elements of the Trustee's case contained in § 547:

> Except as provided in subsection (c) of this section, the Trustee may avoid any transfer *of property of the debtor* —
>
> \* \* \* \* \* \*
>
> (2) *for or on account of an antecedent debt* owed by the debtor before such transfer was made. . . .

Code § 547(b) (emphasis added). The filing of this *lis pendens* cannot be characterized as a transfer of the debtor's property nor can it be characterized as a transfer on account of an antecedent debt. To argue otherwise confuses avoidance of a transfer of an interest in the debtor's property with avoidance of an act that perfects, as against potential bona fide purchasers, a claim of *ownership*. Section 547 permits the avoidance of the former not the latter.

### Transfer of Property of the Debtor

■ Under § 547 there is an avoidable transfer only if "property of the debtor" is transferred within the preference period. As vigorously argued by Appellants, where a debtor possesses only legal and not equitable interests in property, under § 541(d) the equitable interest does not become part of the bankruptcy estate. But, adopting arguendo the Trustee's theory, the thrust of § 544(a)(3) is that equitable interests in property not otherwise brought into the estate by § 541 may become part of the estate through the operation of that section in conjunction with § 551 and § 541(a)(4). Thus, in cases such as this, the property is not property of the debtor, unless §§ 544(a)(3), 551, 541(a)(4) apply. However we have established that those sections do not apply in the face of the *lis pendens* filed in this case. Yet the only argument in favor of avoidance of the effect of the *lis pendens* regarding the claim under § 544(a)(3) is that it is a "transfer" under § 547.

The Trustee's theory depends upon a claim that § 547 and § 544(a)(3) operate interactively. Under the Trustee's theory, as a prerequisite to § 547's applicability, § 544(a)(3) must transform the property equitably owned by Appellants into something belonging to the debtor. But as a prerequisite to operation of § 544(a)(3) the argument requires that the effect of the *lis pendens* under § 547 first be negated. The circular logic required to accommodate the Trustee's theory illustrates the error of assuming that § 544 and § 547 operate interactively. Each is an independent power of the Trustee. The Trustee must exercise his powers separately, and prove the elements of his case under § 547 or § 544 independently.

### Antecedent Debt

The Trustee's claim under § 547 also falters on the requirement that the "transfer" be on account of an antecedent debt. The Appellants' claim is that of an equitable owner, not that of a creditor. The Trustee responds that because of the broad definition of "claim" contained in § 101(4)[5], the

---

4. Appellants allege that § 544(a)(3) is a power only to avoid unperfected "transfers" from the estate and not to defeat unrecorded equitable rights where it is established that, from the inception, the debtor's interest in the property is limited to "bare" legal title with all equitable interests resting elsewhere. We previously found it unnecessary to address this issue. We

continue to believe it is unnecessary to reach this issue. For the purpose of this motion we assume without deciding that the Trustee's contrary interpretation is correct.

5. Code § 101(4) provides as follows:
   "claim" means—

Appellants' claims of equitable ownership are "liabilities on a claim" which fall under the definition of "debt" contained in § 101(11). The Trustee argues that, "[a]lthough a Court might equitably grant them an interest in specific real property, an equally valid remedy under California law would be a judgment for the payment of monetary damages." *Appellee's Motion for Rehearing* at 11. Although the quoted assertion is arguably correct, the conclusion that the availability of money damages as an alternative remedy to enforcement of a trust transforms the relationship into that of debtor and creditor, is a *non sequitur.*

Under the Bankruptcy Act of 1898, it could not have been successfully maintained that the transfer of property held in trust or the recordation of notice sufficient under state law to defeat the rights of any subsequent bona fide purchaser was a transfer on account of an antecedent debt. Under the 1898 Act a possibility that a court of equity might award the beneficiary of an express or implied trust a money judgment in lieu of direct enforcement of the beneficiary's rights in the trust res was never thought to make such a beneficiary a creditor for the purposes of avoidable preferences. Thus beneficiaries of trusts were "reduced" to "ordinary" creditors only when the trust res could not be traced to specific property in the hands of the debtor. *Cunningham v. Brown,* 265 U.S. 1, 11–12, 44 S.Ct. 424, 426–427, 68 L.Ed. 873 (1924); 4A *Collier on Bankruptcy* ¶ 70.25 (14th Ed. 1978). Nothing in the Bankruptcy Code changed this feature of the trustee's preference avoidance powers.

 Section 547 is not a power to avoid a particular instrument which perfects a claim of ownership such as a *lis pendens.* It is a power to avoid transfers of property of the debtor on account of antecedent debts.

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

It has no application in this case and accordingly there is no reason for rehearing.

MOTION DENIED.

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured;