In re Ronald Wayne
HAMPTON, Debtor.

Veronica HAMPTON, Plaintiff,

v.

Ronald Wayne HAMPTON, Defendant.

Bankruptcy No. 82–1908.
Adv. No. 84–65.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 24, 1984.

Shirley Arcuri, Tampa, Fla., for Veronica Hampton.

Richard Prosser, Tampa, Fla., for Ronald Hampton.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

This is an adversary proceeding commenced by Veronica Hampton, the Plaintiff and former wife of Ronald Wayne Hampton, the Chapter 11 Debtor in the above-

styled case. The immediate matters under consideration are two Motions for Summary Judgment as to Count II of the Plaintiff's Complaint, filed by the respective parties who agree that there are no genuine issues of material fact and that the dispute may. be resolved as a matter of law. A Partial Final Judgment was entered as to Count I of the Complaint and Count IV has been withdrawn. Therefore, only Count III, which is not subject to a Motion for Summary Judgment, and Count II in which the Plaintiff seeks an Order directing the Debtor to transfer certain escrowed funds to the Plaintiff, remain as viable causes of action.

The undisputed facts which are relevant to the resolution of the controversy before this Court may be summarized as follows:

Ronald Hampton (Debtor) filed a Voluntary Petition for Relief pursuant to Chapter 11 of the Bankruptcy Code on September 16, 1982. Prior to the commencement of the Chapter 11, the Debtor and the Plaintiff were parties in a dissolution of marriage action which was still pending in the Circuit Court for Sarasota County, Florida (Case No. 81–2618) on the date of the Debtor's Petition.

On January 12, 1983 the Debtor, in connection with the bankruptcy case, filed a Notice of Sale as to certain real property located at 1625 McCall Road, Englewood County, Florida. On January 21, 1983, the Plaintiff filed an objection to the proposed sale, based on the fact that she had filed a counterclaim in the Dissolution of Marriage action seeking an award of special equity in the subject real property. The dissolution action was stayed due to the intervention of bankruptcy, pursuant to § 362 of the Bankruptcy Code. On January 31, 1983, the Debtor, the Plaintiff and John Morgenstern, who had also interposed an objection unrelated to this controversy, entered into a stipulation whereby the Plaintiff and Morgenstern agreed to withdraw their objections and consent to the sale, and the Debtor agreed that the proceeds from the sale of the subject property would be held

in trust pending a resolution of the claims asserted by the objecting parties.

On January 26, 1983 the Plaintiff filed a Complaint for Relief from the Stay to allow the Dissolution of Marriage action to proceed to judgment. On March 2, 1983, this Court entered an Order, modified the stay to permit the Dissolution action to proceed to judgment and directed that all proceeds from the liquidation of real and personal property in connection with the bankruptcy be held in trust with the Debtor's attorney, pending the resolution of the Dissolution of Marriage proceeding.

On November 14, 1983, the Circuit Court in and for Sarasota County entered a Final Decree in the dissolution action which provides in pertinent part:

3. The Court finds that the wife had a special equity in the convenience stores purchased by the parties, and that by reason of her special equity, the wife is entitled to Sixteen Thousand Dollars ($16,000) of the approximately $33,000 from the proceeds of the sale of one of said stores and presently held in escrow in the bankruptcy proceedings.

It is without dispute that the subject property was acquired during the marriage and was titled solely in the Debtor's name.

It is the Plaintiff's contention that a "special equity" is an interest in property which vests not when the final judgment awarding the special equity is entered or recorded, but rather, at the time the property was acquired or brought into the marriage. Thus, the Plaintiff argues that the proceeds from the sale of the subject property, a portion of which was awarded to the wife as special equity, should be impressed with a constructive trust in favor of the Plaintiff. The Debtor, however, contends that a special equity is merely a proprietary interest in property which vests only upon the recordation of the final judgment which awards the special equity. Because the award does not represent alimony or perform a support function, the Debtor contends that it constitutes a debt dischargeable in bankruptcy. In addition, the

Debtor contends that even if the interest was vested during the marriage, the unrecorded equitable interest would be subject to attack and defeat, pursuant to § 544.

■ In order to resolve this controversy, it is necessary to consult the law of Florida to first determine the purpose and nature of special equity. Florida has long recognized the concept of special equity, that is, a spouse's vested interest in property which was brought into or acquired during the marriage because of contributions of services or funds over and above normal marital duties. *Hernandez v. Hernandez*, 444 So.2d 35 (Fla. 3d DCA 1984); *Canakaris v. Canakaris*, 382 So.2d 1197 (Fla. 1980); *Eakin v. Eakin*, 99 So.2d 854 (Fla. 1958); *Heath v. Heath*, 103 Fla. 1071, 138 So. 796 (1932). The "special equity" doctrine was judicially created to avoid the results of a statutory provision that prohibited an award of alimony to an adulterous wife even though she may have made exceptional contributions of money, property or services to the marriage. *Canakaris v. Canakaris* supra. While there is no doubt that special equity connotes the award of a vested property interest, the question of *when* the property interest vests becomes particularly important in certain cases where, for example, bankruptcy intervenes, or where the time of vesting is critical to the determination of ancillary issues, i.e., tax consequences upon transfer of property. *See Bosch v. U.S.*, 590 F.2d 165 (5th Cir.1975). While the recent Florida case law is quite clear as to the nature of special equity, the Florida courts have not stated with precision, the moment at which a special equity vests. Thus, it is incumbent upon this Court to examine the case law, to determine the rights of competing interests in the property and apply the appropriate federal law. *Georgia Pacific Corp. v. Sigma Service Corp.*, 22 B.R. 984 (M.D.La. 1982)

In *Canakaris v. Canakaris*, 382 So.2d 1197 (Fla.1980) the Supreme Court of Florida was called upon to distinguish between the concept of "special equity" as a property interest and the determination of par-

ties' equities when considering an award of lump sum alimony. The Court stated, "The term 'special equity' should not be used when considering lump sum alimony; rather, it should be used only when analyzing a vested property interest of a spouse." Later in the same opinion, the Court noted that "... the award of lump sum alimony is not dependent upon a finding of a *prior* vested right..." (emphasis supplied). *Canakaris*, 382 So.2d at 1201. The implication is that special equity requires the finding of a vested interest and that the award of special equity is merely a judicial recognition of a property interest which vested during the marriage.

Prior to the *Canakaris* decision, the United States Court of Appeals for the Fifth Circuit reached a similar conclusion in *Bosch v. United States*, 590 F.2d 165 (5th Cir.1979). In *Bosch*, the Court considered whether a Florida divorce decree which awarded the wife special equity in real property held solely in the husband's name, constitutes an award of a property interest which existed prior to the divorce. The Court determined that "Florida courts in reliance upon *Heath v. Heath*, 103 Fla. 1071, 138 So. 796 (1932), have considered the right of the wife who contributed substantially to her husband's estate during marriage as a 'vested' right." *Bosch v. U.S.* supra at 167. Although the predominate issue in *Bosch* involved application of the Federal Tax law, the Court determined as a threshhold matter that special equity in Florida is interest in property which vested during the marriage.

■ Although the Plaintiff holds an interest in property which vested at the time the property was brought into the marriage, this Court is of the opinion that to impress the property with a constructive trust is an inappropriate remedy. Constructive trusts were judicially created primarily as "fraud rectifying" devices and as such, arise at the time of the events which give rise to a duty to convey the property, *Central Trust v. Shepard*, 29 B.R. 928 (Bankr.M.D.Fla.1983), or, on the date of the order or judgment declaring that a series

of events has given rise to a constructive trust. *Palmland Villas I Condominium Assoc. Inc. v. Taylor,* 390 So.2d 123 (Fla. 4th DCA 1980). On the other hand, a resulting trust arises automatically out of a set of circumstances, to accomplish the presumed intent of the parties. *Palmland Villas I Condominium Assoc., Inc. v. Taylor,* supra at 125; *Baldwin v. Mills,* 344 So.2d 259 (Fla. 1st DCA 1977). For example, where the purchase price of property is provided by one person but title is taken in the name of another, the title holder is presumed to hold the same in trust for the other. *Pyle v. Pyle,* 53 So.2d 312 (Fla. 1951). Likewise, it has been held that where title to property is taken solely in the husband's name but a portion of the consideration belongs to the wife, a resulting trust arises in her favor to the extent of the contribution. *Quintano v. Ordono,* 195 So.2d 577 (Fla. 3d DCA 1967) *citing Fostor v. Thornton,* 131 Fla. 277, 179 So. 882 (1938).

Of course, it is difficult, if not impossible, to presume from the circumstances which exist at the time of a divorce, that a husband intended his wife to have a vested property interest in the property acquired during the marriage. However, consideration of the relationship between the parties at the time the property was acquired, may warrant the conclusion that *at that time,* the parties intended the property to be jointly held marital property despite the fact that the title was placed solely in the husband's name.

In this case, the Circuit Court recognized that the property was purchased by both the husband and the wife and awarded to the wife special equity in the proceeds from the sale of the subject property. This Court is of the opinion that the wife's interest vested at the time of the acquisition, the property was impressed with a resulting trust on behalf of the wife to the extent of her judicially determined contribution ($16,000), and therefore to the extent of the wife's interest, the husband held only bare legal title at the time he filed the Chapter 11 Petition.

There is no doubt that an unrecorded interest in real property is unenforceable under local law, § 695.01 Fla.Stat.; and, that an unrecorded interest in real property is voidable in bankruptcy under the special voiding power accorded the trustee pursuant to § 544(a) of the Bankruptcy Code. However, due to the particular factual situation of this case, as well as the sequence of events leading up to the sale of the subject property and ultimate resolution of this controversy, a mechanical application of these statutes would result in an unfair and patently unjust outcome.

This Court is satisfied that to permit any other result would be both inequitable and a misuse of the bankruptcy laws. Therefore, the Motion for Summary Judgment filed by Veronica Hampton shall be granted.

A separate Final Judgment shall be entered.