Thomas R. KRUEGER, Petitioner-Appellant,

v.

Wisconsin DEPARTMENT OF REVENUE, Respondent.

Supreme Court

*No. 84-2410. Argued May 28, 1985.—Decided June 24, 1985.*

(Also reported in 369 N.W.2d 691.)

For the petitioner-appellant there were briefs by *John M. Kelly* and *Dempsey, Magnusen, Williamson & Lampe,* Oshkosh, and oral argument by *Mr. Kelly.*

For the respondent the cause was argued by *Alan Lee,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

WILLIAM A. BABLITCH, J. Thomas R. Krueger (Krueger) seeks review of an order which assessed income taxes and interest against him. The Wisconsin Department of Revenue (Department) determined that Krueger's transfer of appreciated property to his wife, pursuant to a divorce settlement, was a taxable event. The Department's decision was affirmed by the Wisconsin Tax Appeals Commission (Commission) which in turn was affirmed by the circuit court. We reverse the circuit court. Because we conclude that Wisconsin statutes presume an equal ownership interest in property acquired during marriage, Krueger's transfer of appreciated property to his wife, pursuant to a divorce settlement in which each party received approximately one-half of the marital property, did not constitute a taxable event for Wisconsin income tax purposes.

The parties have stipulated to the facts in this case and this stipulation constitutes the entire record on appeal. Krueger and his wife were divorced in 1980. Prior to their divorce, the couple had owned farm real property as tenants in common. Krueger was the sole owner of farm machinery and equipment.

Pursuant to a divorce agreement entered in January of 1980, the couple divided their property. Krueger transferred his one-half undivided interest as a tenant in common in the farm real property to his wife. His one-half interest had a fair market value of $125,000.00 and an adjusted basis of $41,815.40 at the time of the transfer. This real property was subject to a jointly-held debt in the total amount of $136,162.00. Krueger also transferred farm equipment and machinery to his wife, along with its indebtedness. At the time of this transfer, this personal property had a fair market value of $32,000.00 an adjusted basis of $26,205.82 and a jointly-held debt in the amount of $4,188.00.

In exchange for these transfers, Krueger received a promissory note from his wife in the amount of $60,000.00. This note was secured by a lien against the farm real property. Krueger also retained some land, a business and some personal property that he had held in his own name during the marriage. The net fair market value of all of the property received by Krueger in the divorce property division was approximately equal to the net fair market value of the property received by his wife.

Krueger filed a Wisconsin personal income tax form for the calendar year ending December 31, 1980. He indicated that he had a taxable income of $2,071.32 and that there was a $720.40 refund due to him. On February 15, 1982, the Department issued a Notice of Amount Due, assessing an additional $10,879.98 in income taxes and interest for the calendar year 1980 as a result of Krueger's transfer of appreciated property to his wife.

Krueger, by letter dated March 16, 1982, objected to the additional income tax assessment. The Department treated this letter as a Petition for Redetermination and, in an action letter dated May 10, 1982, denied Krueger's petition. In a letter dated May 12, 1982, Krueger filed a petition to the Commission. The Commission affirmed the Department's assessment holding that the transfer of appreciated property, incident to a divorce, constituted a taxable event in Wisconsin.

Krueger sought judicial review in the circuit court for Fond du Lac county. The circuit court affirmed the decision of the Commission. Krueger subsequently filed a petition to bypass the court of appeals which this court granted. The issue on appeal is: Is the transfer, pursuant to a divorce property division agreement, by a husband to his wife of full title in appreciated real prop-

erty held as tennants in common during the marriage together with the appreciated personal property titled solely in the husband's name, in exchange for a promissory note and retention of other solely owned property when the property is of approximately equal value, a taxable event for Wisconsin income tax purposes?

We find that in order to answer this question, the following sub-issues must be addressed:

(1) Did the adoption of the federal definition of income by the Wisconsin legislature in 1965 legislatively overrule *sub silentio* this court's decision in *Department of Taxation v. Siegman*, 24 Wis. 2d 92, 128 N.W.2d 658 (1964), which held that the transfer of appreciated, jointly-held real property was not a taxable event in Wisconsin?

(2) If so, does Wisconsin property and divorce law place this case under the rule of United States v. Davis, 370 U.S. 65 (1962), which held that the transfer of appreciated assets is a taxable event where the transferee spouse has no co-ownership interest in the assets during the marriage, or should this case fall outside of the *Davis* rule and the transfer of appreciated property be deemed to be a nontaxable division of property between co-owners?

In *Siegman,* this court held that inter-spousal transfers of appreciated property made pursuant to a court-imposed divorce judgment were not subject to Wisconsin income tax, pursuant to the provisions of sec. 71.03(1) (g), Stats. *Siegman* at 106. Section 71.03(1)(g) defined taxable income as: "All profits derived from the transaction of business or *from the sale or other disposition of real estate* or other capital assets. . . ." (Emphasis added.) This court determined that: "Because of the difficulty in assessing the economic benefit conferred upon the taxpayer in this context, we conclude

that the legislature did not intend the transfer of appreciated property, as an incident of a property settlement, to be a taxable event within the meaning of sec. 71.03 (1) (g), Stats." *Id.* at 106.

The petitioner argues that *Siegman* is the controlling law to be applied in this case and that the circuit court erred in not applying it. The Department argues that *Siegman* is not applicable because the state legislature, following the *Siegman* decision, amended chapter 71 and changed the definition of taxable income to be co-extensive with the federal definition of income. We find the Department's argument to be compelling in this regard.

Chapter 163, Laws of 1965, federalized Wisconsin tax law and adopted many definitions from the Internal Revenue Code as Wisconsin law. Section 71.02(2) (e), Stats. 1979–80, states that " 'Wisconsin adjusted gross income' means federal adjusted gross income, with the modifications prescribed in s. 71.05(1) and (4)." We find that in adopting a definition of state income to mean the same as federal income, the legislature intended that the federal definition of income be applicable as it is interpreted and modified. In other words, what constitutes income for Wisconsin purposes changes as the federal standard evolves.

Krueger argues that the federalization of the definition of taxable income did not undermine *Siegman* because the *Siegman* court found that the language "sale or other disposition of property" did not include transfers at divorce and that this definition is the same as the one used by the Internal Revenue Code in defining taxable income. *See* Internal Revenue Code, sec. 1001, (26 U.S.C. 1001) which imposes a tax on the *"gain from the sale or other disposition of property. . . ."* (Emphasis

added.) According to Krueger, federalization has changed nothing with respect to the imposition of Wisconsin tax on "gains from the sale or other disposition of property" because *Siegman* stands for the proposition that a divorce transfer is not a "sale or other disposition" of property subject to Wisconsin taxation. We find that this argument is without merit.

The legislature did not merely adopt the definition of taxable income as it appeared in the Internal Revenue Code, but rather stated that Wisconsin adjusted gross income means federal adjusted gross income. In so doing, the legislature adopted a standard for state income tax purposes that requires modification as the federal definition of income receives modification. Thus, in order to determine Krueger's tax liability in the instant case it is necessary to determine whether the transfer of appreciated property is a taxable event within the federal definition as it has evolved to date.

The Department argues that this case is governed by the rule in *Davis*, and that therefore Krueger's transfers are taxable income within the definition of federal taxable income. In *Davis*, the Supreme Court held that there was a taxable event within the meanings of sections 61 and 1001 of the Internal Revenue Code when a husband transfers property to his wife in exchange for the release of her marital property rights in her husband's separately-owned property where, under state law, such rights are not the equivalent of ownership. *Davis* at 70–71.

The *Davis* Court examined the wife's marital rights in her husband's property under the law of Delaware, the marital domicile, and found that she had no interest in the management and disposition of her husband's property during marriage. *Id.* at 70. Upon divorce, the reasonable share she received was determined by refer-

ence to such factors as her need, her financial condition, her age and health, and her husband's earning capacity rather than by the extent of his property. *Id.* Her right to an intestate share of the property was contingent upon her surviving him. *Id.* The Court deemed those rights inchoate, equivalent to the wife's legal rights of support and alimony. *Id.* Thus, the Court concluded that these marital rights did not create a property interest in the wife, but were more like a personal obligation imposed upon the husband. *Id.* The Court concluded that the transfer in *Davis* was taxable because it was not an exchange in satisfaction of the wife's property interest, but rather was an exchange in surrender of her marital rights in her husband's separately owned property. *Id.* at 70–71.

*Davis* established a general rule that a transfer in satisfaction of a marital obligation is taxable, but a transfer in satisfaction of a property interest is not. Comment, *Federal Income Tax Consequences of Property Settlements in Common Law States and Under the Uniform Marriage and Divorce Act: A Proposal,* 29 Me. L. Rev. 73, 81 (1977). If a transfer of appreciated property simply divides jointly-acquired or marital property, the transfer is not generally considered to result in income to the transferor because the transferee, as co-owner of the property, receives no more than that which he or she already owned. *Bosch v. U.S.,* 590 F.2d 165 (5th Cir. 1979) ; *Serianni v. Commissioner,* 80 T.C. 1090 (1983) ; *Imel v. United States,* 523 F.2d 853 (10th Cir. 1975) ; *Collins v. C. I. R.,* 412 F.2d 211 (10th Cir. 1969) ; *Cook v. Commissioner,* 80 T.C. 512 (1983) *aff'd w/o op. Cook v. Tax,* 742 F.2d 1431 (2d Cir. 1984). The transfer merely changes the record title to correspond to the transferee's rights of ownership. In order to determine

whether a divorce-forced transfer is in satisfaction of a a marital obligation or a divsion of property between co-owners it is necessary to examine the marital property system of a given state. *Davis* at 71.

Thus, divorce-forced transfers of appreciated property are accorded differing federal income tax treatment depending on the applicable state marital property system. *Id.* at 71; *Collins* at 212; *Bosch* at 167. Like the Court in *Davis,* we seek to determine whether under Wisconsin law, the present transfer in appreciated assets more nearly resembles a nontaxable division of property between co-owners than a taxable transfer in exchange for the release of an independent marital obligation. We conclude that Krueger's transfer of appreciated property was a nontaxable division of property: it operated to equally divide property he and his wife held under "a species of common ownership." *Collins* at 212. The transfer did not operate to relieve him of his independent marital obligations, and accordingly the *Davis* rule does not apply.

Krueger contends, and we agree, that the couple's property must be considered to be effectively co-owned, given the explicit legislative pronouncement of sec. 767.-255, Stats., which presumes that upon the dissolution of a marriage all property which is not traceable to a gift or inheritance is to be divided equally between the parties except where specific factors are present to militate against such a division. This section is set forth below.[1] Thus, regardless of how the property which

---

[1] "767.255 **Property division.** Upon every judgment of annulment, divorce or legal separation, or in rendering a judgment in an action under s. 767.02(1)(h), the court shall divide the property of the parties and divest and transfer the title of any such property accordingly. A certified copy of the portion of the judgment which affects title to real estate shall be recorded in

was acquired during the marriage may have been titled, each spouse in Wisconsin, since the statutory changes made effective in 1978, has presumptively an equal ownership interest in such property upon the dissolution of the marriage. In the instant case, the parties stipulated that the transfer made pursuant to the divorce agreement equally divided the Kruegers' real and personal property.

We note that our decision is consistent with the current trend among courts to hold that transfers at divorce are not taxable on the ground that spouses were "equitable co-owners" of the entire interest in the property. CCH Tax Analysis Series, No. 30 (extra ed.) *His, Hers or Theirs? Federal Income Taxation of Divorce Property Settlements,* par. 210 (June 28, 1983). The *Davis* rule has been seriously eroded by the trend toward viewing equitable division statutes, like sec. 767.255, Stats., as creating a constructive co-ownership of property. *Id.* at 43. In fact, commentators have noted that *Davis* no longer has vitality as a practical matter, even in cases where it seems clear that a transfer was not made to divide marital property, but rather was made to satis-

the office of the register of deeds of the county in which the lands so affected are situated. . . . Any property shown to have been acquired by either party prior to or during the course of the marriage as a gift, bequest, devise or inheritance or to have been paid for by either party with funds so acquired shall remain the property of such party and may not be subjected to a property division under this section except upon a finding that refusal to divide such property will create a hardship on the other party or on the children of the marriage, and in that event the court may divest the party of such property in a fair and equitable manner. The court shall presume that all other property is to be divided equally between the parties, but may alter this distribution without regard to marital misconduct after considering. . . ."

(The twelve factors to be considered by the court have been omitted.)

fy a marital obligation. *Id.* at 39, 43.[2] *See, e.g. Cook.* We too decline to apply the *Davis* rule to the instant transfer. We conclude that the best approach is to treat the transfer as a division by co-owners of jointly held property. Thus, the transfer does not result in a capital gain to the husband. Accordingly, the decision of the circuit court must be reversed.

*By the Court.*—The decision of the circuit court is reversed.

[2] Congress amended sec. 1041(a) of the Internal Revenue Code to state that: "[n]o gain or loss shall be recognized on a transfer of property from an individual to. . . . (2) a former spouse, but only if the transfer is incident to the divorce." In effect, this enactment legislatively overruled the *Davis* rule for all transfers of property incident to a divorce made after July 18, 1984, and by election, after December 31, 1983, for federal income tax purposes.