**In the Matter of John J. GAWEL dba J & W Equipment, Debtor.**

**John J. GAWEL, Debtor, Thomas M. Germain, Trustee, Plaintiffs,**

v.

**Nora M. GAWEL, Defendant.**

**Bankruptcy No. 2–85–00999.
Adv. No. 2–86–0147.**

United States Bankruptcy Court,
D. Connecticut.

Nov. 10, 1986.

Thomas M. Germain, Hartford, Conn., for plaintiff-trustee.

Murray J. Kessler, Cohen & Kessler, New Milford, Conn., for plaintiff-debtor.

Martin W. Hoffman, Hartford, Conn., for defendant.

## MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

In this core proceeding, *see* 28 U.S.C. § 157(b)(2)(F), the plaintiff-trustee, Thomas W. Germain, Esq., seeks to avoid, as a preferential transfer, a prepetition lis pendens recorded against realty of the debtor's estate. Nora M. Gawel, the defendant and the filer of the lis pendens, has moved for summary judgment in her favor after both parties filed a stipulation of facts. The following background is based upon this stipulation and the case file.

### II.

John J. Gawel, the debtor in this chapter 7 case, filed his voluntary petition on November 21, 1985. At that time a marriage dissolution action, commenced by the defendant against the debtor, was pending in the Connecticut Superior Court. In her complaint the defendant requested dissolution of a marriage of twenty-two years duration, alimony, and an "[e]quitable distribution of all real and personal property." At the commencement of her action, the defendant recorded, on February 15, 1985, a notice of lis pendens in the appropriate town office, describing the marital residence located on Studio Hill Road, Kent, Connecticut (residence). The debtor then held sole legal title to the residence. Following the filing of the debtor's bankruptcy petition, this court, with the consent of the trustee, modified the automatic stay imposed by 11 U.S.C. § 362 to allow the Gawels to conclude their marriage dissolution action. The Connecticut Superior Court, on March 17, 1986, entered a final judgment dissolving the marriage and ordering the debtor "to convey all his right, title and interest in and to the [residence] to [the defendant]", subject to existing mortgages, and "to pay the sum of One Dollar per year alimony until the [debtor] is discharged in bankruptcy and secures new employment."

On August 14, 1986, the trustee commenced the present proceeding by complaint, contending that the lis pendens, filed by the defendant as an insider within one year of the filing of the bankruptcy petition, while the debtor was insolvent, was on account of an antecedent debt and voidable as a preference. He asserts, therefore, that the state court postpetition ruling requiring a transfer of the residence to the defendant is subject to his prior rights as a bankruptcy trustee. The defendant contends that, regardless of the existence of other elements of a preference, the trustee cannot avoid the lis pendens because its filing, as a matter of law, was not for or on account of an antecedent debt. Both parties agree in their memoranda of law that the transfer of the residence to the defendant ordered by the state court was not as an award of alimony, but solely a division of marital property as authorized by state statute. The parties having agreed that there is no genuine issue as to any material fact, a ruling on the defendant's motion for summary judgment is appropriate. *See* Bankr.R. 7056, Fed.R.Civ.P. 56(c).

### III.

#### A.

Section 547(b) of the Bankruptcy Code provides that the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(B) between ninety days and one year before the date of the filing of the

petition, if such creditor at the time of such transfer was an insider;

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

As noted, the only issue before the court is whether the lis pendens filed by the defendant was filed "for or on account of antecedent debt", § 547(b)(2). The defendant asserts that the debtor had no liability to her, contingent or otherwise, before she commenced the marriage dissolution action. She claims that the lis pendens gave statutory notice, as against subsequent encumbrancers, of her equitable claim of ownership in the residence, and that that claim does not constitute an antecedent debt. In short, she states the lis pendens was filed to give notice of the state court action in which she was seeking a transfer of the debtor's legal interest in the residence to the defendant as the equitable owner of the residence, and the right to such a transfer did not arise until the marriage dissolution action was filed.

The trustee agrees that, under Connecticut law, a lis pendens is intended to give notice of a pending claim for equitable distribution of marital property. He contends, however, that a claim for equitable distribution of property arises at the time the marital relationship is *created* and, when the lis pendens is filed, the claim it purports to secure is one based upon an antecedent debt.

### B.

Until recently, Connecticut law made no distinction between awards of "alimony" and "property division" in dissolution actions. Former Conn.Gen.Stat. § 46–21 provided for both awards of property and periodic payments under the heading "Alimony and change of name". It was not until 1973 that the state legislature enacted separate statutes for "Assignment of property" and for "Alimony." Conn.Gen.Stat. § 46b–81 governs property division and § 46b–82 authorizes alimony. Section 46b–81 provides as follows:

*Assignment of property and transfer of title*

(a) At the time of entering a decree annulling or dissolving a marriage ..., the superior court may assign to either the husband or wife all or any part of the estate of the other. The court may pass title to real property to either party or to a third person or may order the sale of such real property, without any act by either the husband or the wife, when in the judgment of the court it is the proper mode to carry the decree into effect.

. . . .

(c) In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party ..., shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates.

Connecticut courts recognize that "[t]he purpose of alimony is to meet one's continuing duty to support, while the purpose

of property division is to unscramble the ownership of property, giving to each spouse what is equitably his." *Weiman v. Weiman*, 188 Conn. 232, 234, 449 A.2d 151 (1982) (citations omitted); *Dubicki v. Dubicki*, 186 Conn. 709, 714 n. 2, 443 A.2d 1268 (1982); *Beede v. Beede*, 186 Conn. 191, 195, 440 A.2d 283 (1982); *McPhee v. McPhee*, 186 Conn. 167, 170, 440 A.2d 274 (1982); *see also* H. Clark, *Law of Domestic Relations* § 14.8 (1968).

### C.

The defendant filed the lis pendens pursuant to Conn.Gen.Stat. § 46b–80, which provides in relevant part:

> *Prejudgment remedies available; lis pendens; notice; effect*
>
> The following procedures shall be available to secure the financial interests of either spouse in connection with any [marital dissolution] complaint ... (2) at any time after the service of [the] complaint, if either party claims an interest in real property in which the other party has an interest, either spouse may cause a notice of lis pendens to be recorded [on that real property].... Such notice shall, from the time of the recording only, be notice to any person thereafter acquiring any interest in such property of the pendency of the complaint. Each person whose conveyance or encumbrance is subsequently executed or subsequently recorded ... shall be deemed to be a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the recording of such notice, to the same extent as if he were made a party to the complaint.

This portion of § 46b–80 was passed in response to *Atlas Garage and Custom Bldrs., Inc. v. Hurley*, 167 Conn. 248, 355 A.2d 286 (1974). In *Atlas Garage*, the Connecticut Supreme Court held that an attachment filed against the marital residence at the commencement of a marriage dissolution action did not secure an eventual award of the residence as a property division. "[A] remedy by attachment is limited to actions to recover a sum of money only, and in such a case it cannot be employed as a means of recovering specific property." 167 Conn. at 258, 355 A.2d 286. Section 46b–80 was enacted to provide a prejudgment remedy to secure the recovery of specific property in marriage dissolution actions. It is clear that § 46b–80 is intended to afford security for an eventual transfer of realty as a property division under § 46b–81.

In *In re Ottaviano*, 63 B.R. 338 (Bankr. D.Conn.1986), this court held that a lis pendens filed at the commencement of a marital dissolution action was not a fraudulent transfer under 11 U.S.C. § 548. In that proceeding, however, the marital residence was awarded by the state court as lump sum alimony under § 46b–82, not as a property division under § 46b–81. The lis pendens in *Ottaviano* thus served to secure a change in ownership of the husband's one-half interest in the marital residence. *Ottaviano*, therefore, is unlike this case, which is more akin to the traditional use of lis pendens. The lis pendens in the present proceeding served to secure a transfer of legal title to the defendant as a property division, "unscrambl[ing] the ownership of property, giving to each spouse what is equitable his," *Weiman v. Weiman, supra.* The defendant's lis pendens was notice of an equitable interest that did not appear of record, recorded in order that subsequent purchasers or encumbrancers should not henceforth take free and clear of that equitable interest. At the time the lis pendens was filed, the defendant equitably owned the interest that was later awarded her by the state court decree. That award could have been defeated by a prior transfer by the debtor if the lis pendens had not been recorded. Her status at the commencement of the marriage dissolution action was similar to that of a purchaser for value from the debtor who failed to record the deed immediately. The defendant's filing of the lis pendens was no more a transfer on account of an antecedent debt than would be a purchaser's recording of a deed within the appropriate preference period. This analysis is supported by the ruling by the Bankruptcy Appellate Panel in *Saghi v.*

*Walsh (In re Gurs)*, 34 B.R. 755 (Bankr. 9th Cir.1983). In that case, the defendants had filed a prepetition lis pendens against realty of the debtors, claiming that a series of real estate transactions had left the debtors with only "bare legal title" to the realty. The court in a previous ruling held the lis pendens valid as against the trustee's claim under § 544(a)(3), the "strong arm" clause. 27 B.R. 163, 165. In response to the trustee's claim that the lis pendens constituted a preference under § 547, the court stated:

> The filing of this *lis pendens* cannot be characterized as a transfer of the debtor's property nor can it be characterized as a transfer on account of antecedent debt. To argue otherwise confuses avoidance of a transfer of an interest in the debtor's property with avoidance of an act that perfects, as against potential bona fide purchasers, a claim of *ownership*. Section 547 permits the avoidance of the former not the latter.

34 B.R. at 757 (emphasis in original).

*Hampton v. Hampton (In re Hampton)*, 43 B.R. 633 (Bankr.M.D.Fla.1984), cited by the trustee, better supports the contention of the defendant. In *Hampton*, the bankruptcy court found that the "special equity" accorded by Florida law to a spouse (wife) in the real property acquired during a marriage vests in the wife during the marriage. A marriage dissolution action was pending in state court at the time of the filing of the debtor-husband's bankruptcy petition, and the Florida state court, postpetition, awarded the realty to the wife. Judge Paskay held that at the time the realty was acquired, it was impressed with a resulting trust in favor of the wife to the extent of her special equity, and that therefore, "the husband [debtor] held only bare legal title at the time he filed the Chapter 11 petition", 43 B.R. at 636. The court recognized the wife's entitlement to the realty despite the fact that, unlike the situation here, the wife had *not* filed any lis pendens or other notice at the time she filed her marriage dissolution action. The wife's special equity was held valid as against the estate's claim under 11 U.S.C.

§ 544, even though it constituted an unrecorded interest. *Hampton* does not support the trustee's position.

### IV.

A lis pendens filed at the commencement of a marital dissolution action to secure the eventual transfer of a residence as a property division under Conn.Gen.Stat. § 46b-81 is not a transfer on account of an antecedent debt. The defendant's motion for summary judgment is granted, and a judgment may enter dismissing the trustee's complaint.