In re Manuel A. SIERRA, M.D. and d/b/a Golden Glades Medical Center, Debtor.

Manuel A. SIERRA, M.D. and d/b/a Golden Glades Medical Center, Plaintiff,

v.

Arlene SANTANA, Defendant.

Bankruptcy No. 87–00350–BKC–SMW. Adv. No. 87–0393–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

Oct. 30, 1987.

Robert L. Roth, P.A., Miami, Fla., for debtor.

Stormie Stafford, Stroock & Stroock & Lavan, Miami, Fla., for defendant Santana.

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON ADVERSARY COMPLAINT FOR PARTITION, TO DETERMINE VALIDITY, PRIORITY AND AMOUNT OF LIEN, IF ANY AND TO AVOID PREFERENCE

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CASE came on to be heard on September 22, 1987 on the above-styled Adversary Complaint for Partition, To Determine Validity, Priority and Amount of Lien, If Any and to Avoid Preference, pursuant to 11 U.S.C. § 547(b), by the debtor against Arlene Santana, the defendant, and the court having heard testimony of various witnesses and received various evidence, and having heard argument of counsel for the respective parties, and being otherwise fully advised in the premises, the Court makes the following findings of fact and conclusions of law:

■ The debtor requests partition of certain real property in Dade County, Florida, said real property being a medical office building utilized by the debtor in his medical practice with space being rented to a dentist in another portion of the premises. The Court finds that partition of these premises is not feasible for the reason that a zoning variance and a waiver of plat would be required to effectuate the partition. Accordingly, partition of the premises as requested by the debtor is denied.

■ The debtor also requests that the Court find that a security interest asserted by the defendant in the debtor's one-half (½) interest in the said real property is an avoidable preference pursuant to 11 U.S.C. § 547(b). The defendant asserts that a security interest arises from the entry of an order on December 2, 1986 by the state court in the dissolution of marriage proceedings between the debtor and the defendant which gave the defendant a security interest in the debtor's one-half (½) interest in the property. The defendant owns the other one-half (½) interest in the property as tenants in common with the debtor. The debtor argues that the state court order was entered within ninety (90) days of the date of the filing of the instant Chapter 11 proceedings and, therefore, the security interest is avoidable as a preference under 11 U.S.C. § 547(b).

The defendant argues that a Notice of Lis Pendens was recorded by the defendant in the public records of Dade County, Florida and that the Lis Pendens was recorded

several years prior to these bankruptcy proceedings. Therefore, as a result of such recorded Lis Pendens, the defendant acquired a valid security interest in the one-half (½) interest of the premises owned by the debtor. The debtor responds that a Notice of Lis Pendens does not constitute a lien and no lien arose in favor of the defendant until the entry of the actual order of December 2, 1986. The parties agree that the order of December 2, 1986 was within the ninety (90) day period prior to bankruptcy and also agree that the filing and recording of the Notice of Lis Pendens took place more than one (1) year prior to the filing of the bankruptcy proceedings.

Under Florida law the recording of a Notice of Lis Pendens serves as notice of the pendancy of an action relating to the property described in the Notice of Lis Pendens. *Levine v. Arvida Corporation,* 405 So.2d 1370 (4th D.C.A. 1981); *Proccaci v. Zacco,* 402 So.2d 425 (4th D.C.A. 1981); *National Bank of Sarasota v. J.T. Dugger,* 335 So.2d 859 (2nd D.C.A. 1976). There is no indication in Florida Statute § 48.23, which provides for lis pendens in the State of Florida, that the filing and recording of a lis pendens constitutes a lien under the law of the State of Florida nor is there any case in Florida that so holds. In *In re Airport–81 Nursing Care, Inc.,* 32 B.R. 960 (Bktcy ED, Tennessee 1983), the Bankruptcy Court interpreted a lis pendens statute under Tennessee law which is similar to the Florida statute and held that the filing and recording of a lis pendens does not, in and of itself, create a lien but, rather, "there must be some other authority, equitable or otherwise, that provides the basis for such a lien right". *In re Airport–81 Nursing Care, Inc.,* supra at page 964.

The Court in this case must agree with the learned bankruptcy judge in Tennessee in that there is no authority under the law of the State of Florida for the creation of a lien in property upon the filing and recording of a lis pendens. The Court concludes that the filing and recording of a lis pendens in the instant case did not create a lien right in favor of the defendant but such lien right only arose at the time of the

entry of the state court order in the dissolution of marriage proceedings on December 2, 1986, said order having been entered within ninety (90) days of the filing of the instant bankruptcy proceeding and at a time when the debtor was insolvent. As a result of the entry of that order, the defendant would receive more than she would receive under Chapter 7 proceedings and, therefore, the security interest constitutes a preference under 11 U.S.C. § 547(b). The debtor requests that the Court enter an order avoiding the preference and the Court agrees that the debtor is entitled to such an order.

The last matter that the Court must determine is the reasonable rental value, if any, which would be payable by the debtor to the defendant with respect to her one-half (½) interest in the subject real property, which the defendant owns as tenants in common with the debtor. The defendant requests that the Court find the reasonable rental value to be one thousand and 00/100ths ($1,000.00) dollars per month payable by the debtor to defendant from the time that the parties became co-tenants in the subject property and for as long as the debtor remains in possession of the subject premises. The debtor requests that the Court find that there is no reasonable rental value payable to the defendant or, if such a reasonable rental value is found to be required, that the said reasonable rental should not exceed five hundred and 00/100ths ($500.00) dollars per month and should not be awarded retroactively. The Court has heard the various evidence and testimony presented by the parties including the testimony of appraisers and finds that the defendant is entitled to be paid for the reasonable rental value of her one-half (½) interest in the subject premises, with such payment being from the time the parties became co-tenants and for as long as the debtor remains in possession of the subject premises. The Court finds that the reasonable rental value for the defendant's one-half (½) interest is seven hundred thirty-five and 00/100ths ($735.00) per month.

The Court will enter a separate judgment denying partition, setting aside and avoiding the preferential security interest of the defendant in the debtor's one-half (½) interest in the subject premises and awarding the sum of seven hundred thirty-five and 00/100ths ($735.00) dollars per month as a reasonable rental value for the defendant's one-half interest.

FINAL JUDGMENT ON ADVERSARY COMPLAINT FOR PARTITION, TO DETERMINE VALIDITY, PRIORITY AND AMOUNT OF LIEN, IF ANY AND TO AVOID PREFERENCE

In conformity with the Findings of Fact and Conclusions of Law of even date, it is hereby

ORDERED AND ADJUDGED:

1. That partition of the real property located at 2727 N.W. 167th Street, Opa Locka, Florida is denied.

2. That the security interest asserted by defendant Santana in the debtor's one-half (½) interest in the real property by virtue of the December 2, 1986 state court order and prior lis pendens constitutes a preferential transfer of property of the debtor and, as such, is avoided and set aside pursuant to 11 U.S.C. § 547(b).

3. That the debtor is hereby ordered to pay the sum of seven hundred thirty-five and 00/100ths ($735.00) dollars per month to the defendant as the reasonable rental of her one-half (½) interest in the real property located at 2727 N.W. 167th Street, said amount being payable from the time that the debtor and the defendant became co-tenants in the property and continuing for as long as the debtor remains in possession of the premises.