**In re JOSEPH M. EATON BUILDERS, INC., Debtor.**

**James A. LEWIS, Esq., Trustee for Joseph M. Eaton Builders, Inc., Plaintiff/Appellee,**

v.

**Thomas J. DIETHORN and Linda M. Diethorn, Defendants/Appellants.**

Civ. A. Nos. 89–584, 89–647.
Bankruptcy No. 87–00765.
Adv. No. 87–0359.

United States District Court,
W.D. Pennsylvania.

July 12, 1989.

---

James A. Lewis, Pittsburgh, Pa., for plaintiff/appellee.

Lee Markovitz, Pittsburgh, Pa., for defendants/appellants.

## MEMORANDUM OPINION

MENCER, District Judge.

The instant matter is before the Court on appeal from a final order of the federal bankruptcy court dated December 6, 1988. This Court exercises jurisdiction pursuant to 28 U.S.C. § 158(a). Our review of issues of law is *de novo* and findings of fact shall not be set aside unless found "clearly erroneous." *See Paradise Hotel Corp. v. Bank of Nova Scotia*, 842 F.2d 47, 49 (3d Cir.1988). *See also Crocker National Bank v. American Mariner Industries, Inc.*, 734 F.2d 426, 429 (9th Cir.1984).

On April 4, 1985, Joseph M. Eaton Builders, Inc. ("Eaton") and Thomas J. Diethorn and Linda M. Diethorn ("Diethorns"), appellants/defendants, entered an agreement for the sale of a house in Jefferson Borough, Allegheny County, Pennsylvania. At the time of the agreement, the debtor was in the process of completing the residence. Subsequently, the Diethorns paid Eaton $31,514.25 which included $22,600 for improvements. The Diethorns moved into the property pursuant to a lease. The Diethorns demanded that certain defective siding be replaced. After Eaton refused, the Diethorns lost their mortgage commitment and the purchase agreement terminated.

The Diethorns brought an action against Eaton and the suit was indexed as a *lis pendens*, clouding the title to the property. The complaint sought specific performance of the sale and that Eaton escrow money to replace the siding. The Diethorns vacated the property and Eaton sold the property. On February 26, 1987, the Court of Common Pleas of Allegheny County issued a consent order settling the case. In the settlement, Eaton agreed to pay the Diethorns $15,500 and return $3,000 earnest money in exchange for cancelling the *lis pendens*.

On March 3, 1987, Eaton filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code. The trustee commenced a preference action and on December 6, 1988 the bankruptcy court directed the Diethorns to pay the trustee the $15,500 obtained in the settlement.

The issue before this Court is whether the $15,500 payment is a preference under section 547 of the bankruptcy code. The Diethorns contend that the $15,500 was money invested in the house and therefore is an equitable lien on the house and that Eaton was unjustly enriched. Additionally, the Diethorns contend that the removal of the *lis pendens* and the settlement was an exchange for the new value invested in the house.

We find that although the Diethorns' claim may have become a judgment lien, the Diethorns had nothing more than a *lis pendens* against Eaton at the time of settlement. Therefore, the settlement within the statutory period could be considered nothing other than a voidable preference. *See Coral Petroleum, Inc. v. Banque Paribas–London*, 797 F.2d 1351 (5th Cir.1986). *See also Rialto Publishing Company v. Bass*, 325 F.2d 527 (9th Cir.1963); *United States of America v. Frank C. Brame*, 243 F.Supp. 29 (D.Idaho 1965); *Pendleton v. Dealer Warehouse, Inc.*, 40 B.R. 306 (Bankr.W.D.Ky.1984); *In re: Manuel A. Sierra, M.D.*, 79 B.R. 89 (Bankr.S.D.Fla. 1987); *In the Matter of: John J. Gawel*, 67 B.R. 662 (Bankr.D.Conn.1986); *In re: June Elizabeth Isenberg Ressler*, 61 B.R. 403 (Bankr.E.D.Tenn.1986); *In re: Owen Carl Bell*, 55 B.R. 246 (Bankr.M.D.Tenn.1985). We shall affirm the order of the bankruptcy court.